In re Dan R. VILLAREAL, Debtor.

NATIONAL HOME EQUITY CORPORATION, a California corporation, Plaintiff,

v.

Dan R. VILLAREAL, Debtor, Carlyle Michelman, Trustee, Defendants.

Bankruptcy No. LA84–09370 BR.

Reference No. M4–06094 BR.

United States Bankruptcy Court, C.D. California.

Dec. 21, 1984.

Valerie J. Gilpeer, Beverly Hills, Cal., for plaintiff.

Marcus Gomez, Maywood, Cal., for debtor/defendant.

Dan R. Villareal, pro se.

Carlyle Michelman, Los Angeles, Cal., trustee.

## MEMORANDUM OF OPINION AWARDING SANCTIONS AGAINST DEBTOR AND HIS ATTORNEY

BARRY RUSSELL, Bankruptcy Judge.

### ISSUE

This case is a reflection of an increasing abuse of the judicial process by debtors whose sole purpose for filing multiple bankruptcy petitions is to stay the foreclosure on real property.

The issue before the Court is whether sanctions should be imposed upon both the debtor and his attorney for the damages suffered by plaintiff due to the filing of the most recent Chapter 7 case.

### FACTS

The Chapter 7 case presently before the Court was filed on May 9, 1984, with Marcus Gomez as debtor's counsel. The Statement of Affairs reflects that debtor had filed two previous Chapter 13 cases within the previous year.

The first of these Chapter 13 cases was filed on September 26, 1983, in order to stop plaintiff from foreclosing on the debtor's residence. Plaintiff had recorded a notice of default on July 21, 1983. Debtor was represented by other counsel. No payments were made to plaintiff in this Chapter 13, and the case was dismissed at the confirmation hearing on November 21, 1983.

On November 29, 1983, the debtor filed his second Chapter 13 with the assistance of the same counsel as his first Chapter 13. In connection with the case, plaintiff was granted relief from the stay on January 11, 1984. Subsequently, plaintiff set a foreclosure sale on the subject property for May 10, 1984. On January 26, 1984, the case was dismissed pursuant to 11 U.S.C. § 1307(c) for failure to appear at the meeting of creditors mandated by 11 U.S.C. § 341(a). Only one payment was made to plaintiff by debtor during this Chapter 13.

On May 9, 1984, one day prior to plaintiff's foreclosure sale, debtor filed the instant Chapter 7 case. The Schedules reflect that debtor has no unsecured debts. Except for one payment to plaintiff in December, 1983, debtor is delinquent since April, 1983.

At the hearing on the request for relief from stay, the debtor admitted filing the three bankruptcy cases solely to prevent foreclosure on his residence. Debtor further indicated that he had acted upon his attorney's advice in filing the present Chapter 7 in order to delay the foreclosure. This advice was given despite the previous filings and despite the lack of unsecured debts.

This Court granted relief from the stay not only in this case but ordered that it would be binding on the debtor in any future bankruptcy.[1]

### DISCUSSION

The case before this Court is another in a series of cases where multiple bankruptcy petitions are filed for the sole purpose of invoking the automatic stay of 11 U.S.C. § 362.

■ The involvement of attorneys in this improper practice presents a particularly serious problem for the judicial process. As officers of the Court, counsel owe a duty to the judicial system not to abuse it.

■ The signing of the debtor's petition by the debtor and his attorney constitutes a certification by them that it was not interposed for any improper purpose, such as to

---

1. See: *In re Springpark Associates,* 623 F.2d 1377 (9th Cir.1980).

cause delay.[2]  Finally, 28 U.S.C. § 1927 provides that:

> "Any attorney or other person admitted to conduct cases in any court of the United States or any territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

### CONCLUSION

The filing of this Chapter 7 case, after filing two Chapter 13 cases for the sole purpose of delaying foreclosure, was an abuse of the bankruptcy process which warrants the awarding of sanctions against both the debtor and his attorney.  A particularly flagrant aspect of the case is that the debtor will derive no benefit from this case, other than temporarily delaying the plaintiff's foreclosure, because debtor has no creditors with unsecured claims.

Therefore, this Court awards sanctions against the debtor and his attorney, Mr. Marcus Gomez, in the total amount of $500.00.

IT IS SO ORDERED.

---

**2.** Bankruptcy Rule 9011 provides in pertinent part:

"Every petition, pleading, motion and other papers served or filed in a case under the Code ... shall be signed by at least one attorney of record ... The signature of an attorney or a party constitutes a certificate by him that he has read the document; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harrass, to cause delay, or to increase the cost of litigation ... If a document is signed in violation of this rule, the Court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee."