Clara C. BEHLING, Appellant,

v.

M & I MARSHALL & ILSLEY BANK SILVER SPRING DIVISION, f/k/a M & I Silver Spring Bank, a Wisconsin corporation, Appellee.

No. 88–C–151–S.

United States District Court, W.D. Wisconsin.

May 12, 1988.

Allan R. Strauss, Charles J. Rainey, Allan R. Strauss, S.C., Milwaukee, Wis., for Clara C. Behling.

John A. Fiorenza, Fiorenza & Hodan, S.C., Milwaukee, Wis., for M & I Silver Spring Bank.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

Appellant Behling ("Debtor") is a debtor in a Chapter 7 bankruptcy proceeding. Appellee M & I Marshall & Ilsley Bank, Silver Spring Division ("M & I") is a secured creditor of the Chapter 7 bankruptcy estate who brought a motion before the Bankruptcy Court seeking abandonment of its real estate security. Debtor now appeals the decision of the Bankruptcy Court which granted the motion and ordered abandonment of the real estate security.

The Court has jurisdiction to hear this appeal from the final order of the Bankruptcy Court pursuant to 28 U.S.C. §§ 158(a), 1334.

### FACTS

The Debtor filed a Chapter 7 bankruptcy petition on August 21, 1987. The schedules filed and signed by the debtor in conjunction with the Chapter 7 proceeding indicate total debts of the bankruptcy estate of $600,250.65 and total property of the estate of $342,581.38. The debtor was granted a discharge on December 1, 1987.

Among the assets of the estate is a house at 7820 North Pheasant Lane, River Hills, Wisconsin ("the property"). The property is subject to a second mortgage by M & I. M & I obtained a judgment of foreclosure with respect to this mortgage on June 23, 1987.

On December 30, 1987, M & I filed a notice of motion and motion for relief from automatic stay and abandonment. Notice of M & I's motion was sent to the debtor, the debtor's attorney, the trustee, and the assistant trustee. The debtor filed a timely objection and request for hearing on M & I's motion. The bankruptcy trustee did not file an objection to the motion for abandonment.

A telephone hearing was held on February 1, 1988, at which counsel for the debtor and M & I appeared. No appearance was made by the trustee. As a consequence of the trustee's failure to appear or object to the abandonment, the Bankruptcy Court granted M & I's motion and ordered the property abandoned. The Bankruptcy Court noted that by operation of § 362 of the Bankruptcy Code, the abandonment of the property had the effect of lifting the stay because the debtor had already received her discharge.

Debtor filed a timely appeal to the order entered by the Bankruptcy Court.

### MEMORANDUM

Before considering the merits of the appeal, the Court first must consider M & I's contention that the debtor lacks the requisite standing to bring this appeal. Because the Court concludes that the debtor lacks standing it does not reach the merits of the appeal.

The current Bankruptcy Code and Rules contain no statement of the requirements for standing on appeal, however the prevailing opinion among courts and commentators who have addressed the issue is that standing is only available to a "person aggrieved" as that term was used in § 39(c) of the Bankruptcy Act of 1898. *In re*

*Multiple Services Industries, Inc.*, 46 B.R. 235 (E.D.Wis.1985); *In re Fondiller*, 707 F.2d 441, 443 (9th Cir.1983); *In re El San Juan Hotel*, 809 F.2d 151, 154 (1st Cir. 1987); 1 Collier on Bankruptcy; 3.03[5] (15th Ed.1987). Accordingly, this Court will apply the "person aggrieved" standard to determine if debtor has standing to appeal in this case.

In general, a person will have standing to appeal only if he or she is "directly and adversely affected pecuniarily by an order of the Bankruptcy Court." *Fondiller*, 707 F.2d at 442.

> Thus, for example, courts have held that a debtor-bankrupt who has no hope of retaining any assets of the estate lacks standing to appeal decisions affecting the disposition of assets of the estate. (Citations omitted.) A debtor-bankrupt in such a position could not establish any injury in fact that would be incurred by him as a result of the bankruptcy court's decision.

*In re Multiple Services Industries, Inc.*, 46 B.R. at 236. The Seventh Circuit Court of Appeals has implicitly recognized that an insolvent debtor lacks standing under such circumstances. *In re UNR Industries, Inc.*, 725 F.2d 1111, 1120 (7th Cir. 1984). In effect, the courts have recognized that the technical possibility that assets of the estate would accrue to the debtor pursuant to § 726(a)(6) of the Bankruptcy Code does not afford standing to a debtor where the bankruptcy estate is insolvent and it is apparent that no estate assets could possibly accrue to the debtor.

In this case there is nothing in the record to indicate that the debtor has even a remote possibility of recovering from the bankruptcy estate. The schedules filed by the debtor show estate liabilities exceeding assets by $257,669. Estate liabilities are nearly twice as large as estate property. Therefore, any value in excess of the liens held by secured creditors would accrue to unsecured creditors, not to the debtor. This degree of insolvency is ample to demonstrate the lack of interest of the debtor in estate assets. *See In re Goodwin's Dis-*

*count Furniture, Inc.*, 16 B.R. 885, 887 (Bankr.D.Me.1982).

Debtor's assertion that she has "possibilities of a return of a surplus" is unpersuasive in view of the gross insolvency of the bankruptcy estate. As representative of the unsecured creditors of the estate the bankruptcy trustee is the only proper party to prosecute the present appeal. *See In re Carbide Cutoff, Inc.*, 703 F.2d 259, 264 (7th Cir.1983). Debtor's assertion that she has standing because abandonment will grant her an interest in the property is without merit. Debtor has no current interest in the estate. Any interest she acquires in the property by abandonment can only be to her benefit. It certainly cannot have the *adverse* pecuniary effect required for standing.

Accordingly,

## ORDER

IT IS ORDERED that the appeal is DISMISSED.