**In re Joseph ANDREUCCETTI and Noemi Andreuccetti, Debtors.**

**No. 90 C 05932.**

United States District Court, N.D. Illinois, E.D.

March 27, 1991.

John E. Gierum, Jr., J. Barton Kalish & Colleagues, Chicago, Ill., for debtors.

Joseph Andreuccetti, pro se.

Noemi Andreuccetti, pro se.

William T. McGrath, Francis Michael Pawlak, Burke, Wilson & McIlvaine, Chicago, Ill., for appellee First Nat. Bank of Cicero.

Mark K. Schoenfield, Hopkins and Sutter, Chicago, Ill., trustee for the Bankruptcy Estates.

MEMORANDUM OPINION
AND ORDER

ASPEN, District Judge:

Joseph and Noemi Andreuccetti appeal from Bankruptcy Judge John D. Schwartz' confirmation of a plan of reorganization

pursuant to their Chapter 11 bankruptcy proceedings. Household Bank, f.s.b. ("Household") moves to dismiss the appeal. For the reasons set forth below, we grant Household's motion.

The Andreuccettis argue that the reorganization plan "was fatally defective in that it did not confirm [sic] to the requirement of title 11 as required by 11 U.S.C. section 1129(a)(1) concerning treatment of Debtors' exemptions and impairment of Debtors' ... administrative claims." Brief at 5. They contend that the most notable defect stems from § 1129(a)(3)'s "good faith" provision, *id.*, which requires a finding that "[t]he plan has been proposed in good faith and not by any means forbidden by law." *See* 11 U.S.C.A. § 1129(a)(3) (West 1979 & 1991 Supp.).

The Andreuccettis' appeal contains essentially three main arguments. They argue that the reorganization plan violates the applicable provisions of § 1129 because it, first, impairs certain of their interests and, second, hinders certain administrative claims. They also maintain that Judge Schwartz failed to hold the plan's proponents to their statutory burdens with respect to a "confirmable plan."

■ We need not address the merits of the Andreuccettis' contentions. Only those persons " 'directly and adversely affected pecuniarily by an order of the Bankruptcy Court' " have standing to appeal. *See Behling v. M & I Marshall & Ilsley Bank Silver Spring Div.*, 86 B.R. 144, 146 (W.D.Wis.1988) (quoting *In re Fondiller*, 707 F.2d 441, 442 (9th Cir.1983)); *see also In re UNR Indus., Inc.*, 725 F.2d 1111, 1120 (7th Cir.1984) (implicitly recognizing that insolvent debtor lacks standing). Generally speaking, the bankruptcy trustee "is the only proper party" capable of prosecuting an appeal. *Behling*, 86 B.R. at 146.

The Andreuccettis are not sufficiently affected by the confirmation of the reorganization plan to bring this appeal. Any possibility of a surplus stemming from resolution of certain state court suits is "unpersuasive" given the "gross insolvency of the bankruptcy estate." *Id.* ("possibility of a return of a surplus" an "unpersuasive"

showing of standing). In other words, their own interests are not impaired so as to give them standing to appeal.

Further, they have no standing to pursue issues on appeal that are related to claims their attorneys might raise. The fact that their attorneys "may" seek satisfaction of certain claims from the Andreuccettis' future earnings, or that representation by these attorneys in future proceedings might be jeopardized similarly does not rise to the direct and adverse pecuniary impact required to demonstrate standing. *See Fondiller*, 707 F.2d at 442; *see also Kane v. Johns–Manville Corp.*, 843 F.2d 636, 642 (2d Cir.1988). The Andreuccettis have not alleged any of the "special circumstances" under which they might pursue the claims of a third party, nor can we imagine that they could do so. *See Kane*, 843 F.2d at 643–44 (close alliance of interests or inability of third party to effectively assert own rights constitute "special circumstances" according standing).

■ Finally, even if the standing dilemma could be resolved in the Andreuccettis' favor, several factors suggest that the appeal should be considered moot. Significant steps have been taken since entry of the confirmation order to implement the reorganization plan. For example, substantial transfers of funds to the trustee and his attorneys have transpired, as have transfers to Household in partial satisfaction of its secured interest in the real property. Household's Brief at 10. Factors considered by other courts in determining mootness include "the virtues of finality, the passage of time, whether the [reorganization] plan has been implemented and ... whether there has been a comprehensive change in circumstances." *See Miami Center Ltd. Partnership v. Bank of New York*, 838 F.2d 1547, 1555 (11th Cir.), *cert. denied*, 488 U.S. 823, 109 S.Ct. 69, 102 L.Ed.2d 46 (1988).

Here, as Household points out, "[t]he 'virtues of finality' are particularly acute ... given that this bankruptcy was filed approximately seven years ago and has resulted in extensive attention by the bankruptcy court." Household's Brief at 11.

The Andreuccettis' response—that funds transferred to various creditors and the trustee are "easily" returned—misses the point. A court may have the *power* to "undo the sale to the bank, restore the property and possession to the debtor, and set aside the sale provision of the reorganization plan," but to do so would turn the "law of mootness on its head." *Miami Center*, 838 F.2d at 1555 n. 7.

We therefore grant Household's motion to dismiss the Andreuccettis' bankruptcy appeal on grounds of standing and mootness. It is so ordered.