41 F.3d 1510
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Joseph ANDREUCCETTI, Plaintiff-Appellant
v.
Richard P. DORIA & Henry Kohley, Defendants-Appellees.
 No. 93-3700.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 26, 1994.*
Decided Nov. 8, 1994.
 
 Before FAIRCHILD, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Joseph Andreuccetti, appearing pro se, appeals the district court's dismissal of his complaint, brought under 42 U.S.C. Secs. 1981, 1983, and 1985, for lack of jurisdiction. On appeal, Andreuccetti contends that the district court erred in dismissing his complaint as (1) Judge Leinenweber should have disqualified himself from the case and (2) the dismissal of the case was the result of the district court's misstatement of the facts alleged in Andreuccetti's complaint. For the following reasons, we affirm.[1]
 
 
 2
 The instant action stems from a state foreclosure proceeding instituted against Andreuccetti and subsequent warnings of eviction by the Sheriff, Richard P. Doria, and Deputy Sheriff, Henry Kohley, of DuPage County, Illinois (hereinafter "appellees"). In his pro se complaint filed with the district court, Andreuccetti alleged that appellees' threats of eviction were the result of a masterful conspiracy engineered to financially bankrupt Andreuccetti for his refusal to cooperate with the Italian and Sicilian Mafia. This conspiracy included appellees, the head of the Vatican Bank and the First National Bank of Cicero, Judge Schwartz of the United States Bankruptcy Court for the Northern District of Illinois, Judge Penniman of the Circuit Court of DuPage County, reputed mobster Robert Bellavia, a Bankruptcy Court auctioneer, the United States Attorney's Office in Chicago and the Federal Bureau of Investigations in Chicago. The complaint stated that as appellees attempted to evict Andreuccetti despite their knowledge that the eviction papers had been obtained as a result of an illegal conspiracy and despite Andreuccetti's possession of "federal land patent papers," he was deprived of his rights under the First, Fourth and Fourteenth Amendments of the Constitution entitling him to monetary damages in the amount of twenty million dollars. The district court dismissed Andreuccetti's complaint for lack of jurisdiction. This timely appeal followed.
 
 
 3
 Preliminarily, we note that we are unable to find a statement of reasons for the district court's dismissal of Andreuccetti's complaint. Circuit Rule 50, as amended May 1, 1993, provides that "[w]henever a district court dismisses a claim or counterclaim, grants summary judgment, or remands to the state court, the judge shall give his or her reasons, either orally on the record or by written statement." Cir.R. 50. However, as it is clear from the record that the district court was without subject matter jurisdiction to consider Andreuccetti's complaint, we need not remand this case to the district court to issue a statement of reasons.[2]
 
 
 4
 In Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), the Supreme Court held that federal district courts lack jurisdiction to engage in appellate review of state court determinations. See also Leaf v. Supreme Court of Wisconsin, 979 F.2d 589 (7th Cir.1992), cert. denied, 113 S.Ct. 2417 (1993). In District of Columbia Court Appeals v. Feldman, 460 U.S. 462 (1983), the Court refined Rooker in holding that district courts lack jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." Id. at 486. See also Leaf, 979 F.2d at 596; Ritter v. Ross, 992 F.2d 750, 753 (7th Cir.1993), cert. denied, 114 S.Ct. 694 (1994). Taken together, Rooker and Feldman stand for the proposition that "lower courts lack jurisdiction to engage in appellate review of state court determinations." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 21 (1987) (Brennan, J., concurring); see also Ritter, 992 F.2d at 753. Engaging in impermissible review may occur when a district court is asked to entertain a claim that was not argued in the state court but is "inextricably intertwined" with the state court judgment. Leaf, 979 F.2d at 598; Ritter, 992 F.2d at 753 (quoting Feldman, 460 U.S. at 483 n. 16); Guess v. Board of Medical Examiners of North Carolina, 967 F.2d 998, 1002-03 (4th Cir.1992). A claim is "inextricably intertwined" with the state court judgment if it " 'succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.' " Keene Corp. v. Cass, 908 F.2d 293, 296-97 (8th Cir.1990) (quoting Pennzoil v. Texaco, Inc., 481 U.S. at 25 (Marshall, J., concurring)); see also GASH Associates v. Village of Rosemont, Illinois, 995 F.2d 726, 728 (7th Cir.1993).
 
 
 5
 The Rooker-Feldman doctrine compels dismissal of this case for lack of subject matter jurisdiction. While Andreuccetti's complaint alleges an extensive conspiracy involving numerous individuals, it names only appellees as defendants to the action. Specifically, the complaint demands damages for appellees' attempted execution of eviction papers issued pursuant to state foreclosure proceedings.[3] Andreuccetti's claim could only have merit to the extent that the state court could be found to have wrongly issued the eviction papers.[4]
 
 
 6
 A plaintiff cannot avoid the Rocker-Feldman doctrine simply by casting his complaint in the form of a civil rights action. Ritter, 992 F.2d at 754 (quoting Hagerty v. Succession of Clement, 749 F.2d 217, 220 (5th Cir.1984), cert. denied, 474 U.S. 968 (1985)). As Andreuccetti's claims constitute a challenge to a state court decision, the district court did not have subject matter jurisdiction to consider his complaint. To obtain the review he seeks, Andreuccetti must pursue his claims through the state court system to the Illinois Supreme Court, if he has not already done so. Then, if he does not prevail, Andreuccetti must petition for a writ of certiorari to the United States Supreme Court. The judgment of the district court is AFFIRMED.[5]
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 We note that Andreuccetti is no stranger to federal court proceedings. See, e.g., In re Andreuccetti, 127 B.R. 185 (Bankr.N.D.Ill.1991); In re Andreuccetti, Nos. 92 B 17191, 92 A 1063 (Bankr.N.D.Ill. Oct. 30, 1992); Matter of Andreuccetti, 975 F.2d 413 (7th Cir.1992); In re Andreuccetti, 152 B.R. 227 (Bnakr.N.D.Ill.1993); Andreuccetti v. First National Bank of Cicero, No. 92 C 8128 (N.D.Ill. March 4, 1993); Andreuccetti v. Steinberg, No. 92 C 673 (N.D.Ill. Aug. 12, 1993)
 
 
 [2]
 We point out that Andreuccetti's appellate briefs indicate that the district court did inform the parties of the reasons for its dismissal of the case
 
 
 [3]
 Although Andreuccetti's complaint does not specify that the attempted eviction was the result of a state court proceeding, it does allege that appellees were acting in their capacity as officers of DuPage County while attempting to enforce the eviction papers. See Complaint, p 20. As officers of DuPage County, it would follow that appellees' eviction warnings were issued pursuant to a foreclosure action brought in state rather than federal court; most likely the Circuit Court of DuPage County. That Andreuccetti's eviction papers were procured through a state court eviction proceeding was also stated in a memorandum opinion and order issued by the Northern District of Illinois in a related action. Skolnick v. Doria, No. 93 C 7037, slip op. at 1 (N.D.Ill1994)
 
 
 [4]
 Andreuccetti's complaint alleges that Judge Schwartz of the United States Bankruptcy Court was involved in the conspiracy. Hence, it is possible that Andreuccetti is also challenging the validity of a federal judgment. However, as he has not presented this argument in either his appellate brief or in his reply brief, it is waived for the purposes of this appeal
 
 
 [5]
 Andreuccetti maintains that Judge Leinenweber had a corrupt financial interest in the case and, therefore, he should have been disqualified from presiding over the matter. However, since Andreuccetti never petitioned the district court to have Judge Leinenweber removed, see 28 U.S.C. Sec. 144, we will not address this issue
 In addition, as the district court was without subject matter jurisdiction to address the merits of Andreuccetti's complaint, we have no occasion to consider Andreuccetti's claim that the district court misstated the facts alleged in his complaint.