REINHARDT, Circuit Judge:
 

 Barbara and Jerome Parks appeal the district court’s affirmance of the bankruptcy court’s grant of summary judgment to Richard and Juliana Gonzales, the debtors in bankruptcy, and to Michael Dodge, their attorney. The Parkses also appeal both courts’ imposition of attorney’s fees and sanctions. We affirm the grant of summary judgment but reverse the imposition of attorney’s fees and sanctions.
 

 I.
 
 Facts
 

 Following the Gonzaleses’ default on an obligation, Barbara Parks sought to foreclose a deed of trust she held on certain of their real property, apparently their house. On April 6, 1983, shortly before the scheduled trustee sale, the Gonzaleses filed a Chapter 11 bankruptcy petition. The trustee halted the sale upon notification of the filing. Parks subsequently filed a statutory tort action in California state court against the Gonzaleses and their counsel claiming that the bankruptcy filing consti
 
 *1034
 
 tuted an abuse of process.
 
 [1]
 
 The Gonzales-es did not answer the complaint, but Dodge did. The state court entered a default judgment against the Gonzaleses in the amount of $10,000.
 

 In July 1984, the Gonzaleses and Dodge filed an adversary proceeding in the bankruptcy court against Parks and her counsel, Jerome Parks, seeking relief from the state court action. The bankruptcy court granted appellees’ motion for summary judgment, declaring the state court judgment void at its inception as violative of the automatic stay provision of the Bankruptcy Act, 11 U.S.C. § 362(a) (1979 & Supp.1987).
 
 [2]
 
 The court then vacated that judgment and awarded attorney’s fees to the Gonzaleses and Dodge. In addition, the court denied the Parkses’ motion for recusal.
 

 On appeal, the district court affirmed the bankruptcy court’s judgment and fee award. It also imposed sanctions under Fed.R.Civ.P. 11 against Parks’ counsel. Both Parks and her counsel filed timely appeals.
 

 II.
 
 Discussion
 

 A.
 
 The Abuse of Process Judgment
 

 The Parkses contend that, because the abuse of process claim did not accrue until the Gonzaleses’ petition was filed, no provision of section 362(a) barred her from commencing the state court proceeding.
 
 [3]
 
 Section 362(a) provides that the filing of a bankruptcy petition automatically stays the commencement of judicial actions against the debtor that were or could have been initiated before the “commencement of the case under this title”. Parks contends that she could not have initiated her abuse of process suit before the commencement of the bankruptcy case because the act of filing the bankruptcy petition constituted the actionable tort. Thus, she concludes, the automatic stay provision did not apply.
 

 We agree with Parks in at least a limited respect. We agree that the filing of the
 
 *1035
 
 abuse of process claim was not contrary to any of the specific provisions of section 362(a). We also note that “Congress’ intent in enacting § 362(a) is clear — it wanted to stop collection efforts for all antecedent debts. Congress intended that the debtor obtain a fresh start, free from the immediate financial pressures that caused the debtor to go into bankruptcy.”
 
 Matter of M. Frenville Co., Inc.,
 
 744 F.2d 332, 334 (3rd Cir.1984). Both the language of § 362(a) and its legislative history indicate that the section was primarily intended to apply to claims based on prior debts and obligations.
 
 See 2
 
 D. Cowans,
 
 Bankruptcy Law and Practice
 
 § 11.3 (1986). It is also clear that the stay is not applicable to debts or obligations that accrue after the filing of the bankruptcy petition.
 
 Id.; see, e.g., In re Shenberg,
 
 433 F.Supp. 677, 680 (N.D.Ill.1977). However, the effect the section would have on a theoretical third category of debts and obligations, those that might accrue at the moment of filing or by virtue of that filing, is far from clear — and that is the category involved in the case before us. While the question may be an interesting one, there is no reason for us to decide it here. We affirm the bankruptcy court’s decision on other, related grounds.
 
 [4]
 

 Implicit in the Parkses’ appeal is the notion that state courts have subject matter jurisdiction to hear a claim that the filing of a bankruptcy petition constitutes an abuse of process. We disagree with that assumption.
 
 [5]
 
 Filings of bankruptcy petitions are a matter of exclusive federal jurisdiction.
 
 [6]
 
 State courts are not authorized to determine whether a person’s claim for relief under a federal law, in a federal court, and within that court’s exclusive jurisdiction, is an appropriate one. Such an exercise of authority would be inconsistent with and subvert the exclusive jurisdiction of the federal courts by allowing state courts to create their own standards as to when persons may properly seek relief in cases Congress has specifically precluded those courts from adjudicating.
 
 Cf. Siravo v. Siravo,
 
 424 A.2d 1047, 1049-50 (R.I.1981) (because the bankruptcy courts have exclusive jurisdiction over bankruptcy, a bankruptcy court’s determination that a section of the Bankruptcy Act is unconstitutional may not be challenged in a state court). The ability collaterally to attack bankruptcy petitions in the state courts would also threaten the uniformity of federal bankruptcy law, a uniformity required by the Constitution. U.S. Const, art. I, § 8, cl. 4.
 

 That Congress’ grant to the federal courts of exclusive jurisdiction over bankruptcy petitions precludes collateral attacks on such petitions in state courts is supported by the fact that remedies have been made available in the federal courts to creditors who believe that a filing is frivolous. Debtors filing bankruptcy petitions are subject to a requirement of good faith,
 
 *1036
 

 In re Thirtieth Place, Inc.,
 
 30 B.R. 503, 505 (Bankr.App. 9th Cir.1983), and violations of that requirement can result in the imposition of sanctions,
 
 In re 2218 Bluebird Ltd. Partnership,
 
 41 B.R. 540, 542-43 (Bankr.S.D.Calif.1984);
 
 see In re Villareal,
 
 46 B.R. 284 (Bankr.C.D.Calif.1984) (sanctions awarded because debtor’s filing was “an abuse of the bankruptcy process”); Bankr.R. 9011.
 
 [7]
 

 Cf.
 
 11 U.S.C.A. § 303(i)(2) (Supp.1987) (authorizing the imposition of sanctions on petitions for involuntary bankruptcy petitions filed in bad faith). Congress’ authorization of certain sanctions for the filing of frivolous bankruptcy petitions should be read as an implicit rejection of other penalties, including the kind of substantial damage awards that might be available in state court tort suits. Even the mere possibility of being sued in tort in state court could in some instances deter persons from exercising their rights in bankruptcy. In any event, it is for Congress and the federal courts, not the state courts, to decide what incentives and penalties are appropriate for use in connection with the bankruptcy process and when those incentives or penalties shall be utilized.
 

 A Congressional grant of exclusive jurisdiction to the federal courts includes the implied power to protect that grant. For example, in
 
 Yakus v. United States,
 
 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834 (1944), the Supreme Court considered the exclusive grant of jurisdiction to the Emergency Court of Appeals to hear challenges to price control regulations. The Court held that this grant precluded litigants from challenging the validity of price control regulations in state courts even as a defense in a criminal action.
 
 Cf. Donovan v. City of Dallas,
 
 377 U.S. 408, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964) (state courts do not have the power to enjoin proceedings in the federal courts);
 
 Terral v. Burke Construction Co.,
 
 257 U.S. 529, 42 S.Ct. 188, 66 L.Ed. 352 (1922) (despite plenary state power to condition the licensing of foreign corporations to do business within the state, states cannot revoke a corporation’s license on the basis that the corporation resorted to the federal court sitting in the state).
 

 A state court judgment entered in a case that falls within the federal courts’ exclusive jurisdiction is subject to collateral attack in the federal courts.
 
 See Kalb v. Feuerstein,
 
 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940) (bankruptcy case); C. Wright,
 
 Law of Federal Courts
 
 84-86 (4th ed. 1983);
 
 see also Consolidated Rail Corp. v. Illinois,
 
 423 F.Supp. 941 (Regional Rail Reorg. Ct.1976),
 
 cert. denied,
 
 429 U.S. 1095, 97 S.Ct. 1111, 51 L.Ed.2d 542 (1977) (exclusive jurisdiction in a special federal court allows collateral attack in that court on an action brought in a federal district court). Thus the bankruptcy court was correct in vacating the state court judgment against the Gonzaleses. It was also correct in holding that the Parkses’ claim against the Gonzaleses and Dodge was void from the outset. Permitting state courts to award damages against bankrupts’ attorneys based on the filing of a bankruptcy petition would subvert exclusive federal jurisdiction in much the same manner as
 
 *1037
 
 allowing similar awards against the bankrupt parties.
 

 B.
 
 Recusal of the Bankruptcy Judge
 

 The Parkses contend that the bankruptcy judge abused his discretion by refusing to recuse himself pursuant to 28 U.S.C. §§ 144, 455(b)(1) (1982). A judge is required to disqualify himself if his impartiality might reasonably be questioned, or if he has a personal bias or prejudice concerning a party. 28 U.S.C. §§ 455(a), (b)(1). The Parkses allege that the bankruptcy judge advised the Gonzaleses to file a motion for summary judgment. They offer no support for this allegation. Moreover, they did not mention it when they moved for recusal and it is apparently raised for the first time on this appeal. Accordingly, we do not consider the issue here.
 
 See Michael-Regan Co., Inc. v. Lindell,
 
 527 F.2d 653, 656 (9th Cir.1975). We note however, that the Parkses’ allegation, even if supported, would not lead a reasonable person to question the judge’s impartiality. There is nothing inherently improper about a suggestion by a judge that a party should file a particular motion. In fact the suggestion allegedly made here could well be viewed as a salutary docket control measure.
 

 C.
 
 Attorney’s Fees
 

 The bankruptcy court awarded attorney’s fees to the Gonzaleses and Dodge after concluding that the Parkses had violated the automatic stay provisions of the Bankruptcy Act. The Act authorizes the recovery of costs and attorney’s fees in cases where there has been a “willful violation” of the automatic stay provisions. 11 U.S.C.A. § 362(h) (Supp.1987). The district court affirmed the award of attorney’s fees. Although we uphold the bankruptcy court’s decision holding the state court judgment void, we do not base our affirmance on the automatic stay provisions. At the least, the applicability of the automatic stay provisions to the Parkses’ state court claim is not so clear that the bankruptcy court was justified in concluding that the Parkses had “willfully” violated those provisions. We therefore reverse the award of attorney’s fees.
 

 D.
 
 Sanctions
 

 As to the sanctions imposed by the district court, we think it clear that the appeal was not frivolous. The parties agreed at oral argument that the case was one of first impression. The appeal presented legitimate legal questions for resolution. Under these circumstances, an appellant may not be penalized for utilizing the judicial system.
 
 [8]
 

 For the reasons set forth above, the district court’s decision is affirmed in part and reversed in part.
 

 [1]
 

 . The basis for Parks’ abuse of process claim was her allegation that the Gonzaleses filed for bankruptcy solely to delay the creditor foreclosure sale and that they were ineligible to file under Chapter 11 since they were not “in business".
 

 Though there are some cases to the contrary, the statutory language, the legislative history, and most of the case law seems to authorize use of Chapter 11 by consumers.
 
 See
 
 11 U.S.C.A. §§ 109(d), 101(12), 101(30) (1979 & Supp.1987); S.Rep. No. 989, 95th Cong., 2d Sess. 3 (1978),
 
 reprinted in
 
 1978 U.S.Code Cong. & Admin. News 5787, 5789;
 
 see, e.g., In re Moog,
 
 774 F.2d 1073 (11th Cir.1985);
 
 In re Warner,
 
 30 B.R. 528 (Bankr. 9th Cir.1983);
 
 In re Greene,
 
 57 B.R. 272 (Bankr.S.D.N.Y.1986).
 
 But see In re Ponn Realty Trust,
 
 4 B.R. 226 (Bankr.D.Mass.1980).
 

 [2]
 

 . Although the order is far from clear and the record unsatisfactory, we construe the order as granting relief in favor of Dodge as well as the Gonzaleses. The effect as to Dodge was to declare "the action in the State Court ... void from the outset.” Summary Judgment Order.
 

 [3]
 

 . Section 362(a) reads:
 

 Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of—
 

 (1)the commencement or continuation, including the issuance or employment of process, or a judicial, administrative, or other action or proceeding against the debtor
 
 that was or could have been commenced before the commencement of the case under this title,
 
 or to recover a claim against the debtor
 
 that arose before the commencement of the case under this title;
 

 (2) the enforcement, against the debtor or against property of the estate, of a judgment
 
 obtained before the commencement of the case under this title;
 

 (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
 

 (4) any act to create, perfect, or enforce any lien against property of the estate;
 

 (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim
 
 that arose before the commencement of the case under this title;
 

 (6) any act to collect, assess, or recover a claim against the debtor that arose
 
 before the commencement of the case under this title;
 

 (7) the setoff of any debt owing to the debt- or
 
 that arose before the commencement of the case under this title
 
 against any claim against the debtor; and
 

 (8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.
 

 11 U.S.C. § 362(a) (1979 & Supp.1987) (emphasis added). The Parkses do not claim that the cause of action was exempt from the automatic stay under the statutory exceptions of section 362(b).
 

 [4]
 

 . We label the category of debts theoretical because we believe, as we explain later, that no such category of debts arises. For the same reasons that we conclude
 
 infra
 
 that state courts have no jurisdiction to adjudicate any claim that a bankruptcy filing was frivolous, state tort law cannot afford a cause of action for the filing of a frivolous claim.
 

 [5]
 

 . We have been able to find only one other case where a state court considered a claim that filing a bankruptcy petition constituted an abuse of process. In
 
 Myers v. Cohen,
 
 67 Hawaii 389, 688 P.2d 1145 (1984), an attorney and his law firm had been charged with malicious prosecution, abuse of process, and deceptive trade practices arising out of the filing of a counterclaim and the filing of a bankruptcy petition. The Hawaii Supreme Court reversed a summary judgment for the defendants, holding that material issues of fact remained to be decided. Apparently, the issue of whether the state courts had the power to decide a claim that filing a bankruptcy petition constituted an abuse of process was neither raised nor decided in that case.
 

 [6]
 

 .This was true both before and after the 1984 amendments to the Bankruptcy Act.
 
 Compare
 
 28 U.S.C. § 1334 (1982)
 
 with
 
 28 U.S.C.A. § 1334 (Supp.1987).
 

 Section 1334 distinguishes between "cases under title 11”, which are under the exclusive jurisdiction of the federal courts, and “civil proceedings arising under title 11, or arising in or related to cases under title 11”, which are within the original but not exclusive jurisdiction of the federal courts. 28 U.S.C.A. § 1334(a), (b) (Supp.1987). Among the matters clearly in the first category is the filing of the bankruptcy petition.
 
 See, e.g., Wayne Film Systems v. Film Recovery Systems,
 
 64 B.R. 45, 49 (N.D.Ill.1986).
 

 [7]
 

 . Bankruptcy Rule 9011 authorizes the imposition of costs and attorney’s fees as sanctions for the filing of frivolous claims or motions. In the recent case of
 
 In re Sequoia Auto Brokers, Ltd.,
 
 827 F.2d 1281 (9th Cir.1987), we held that bankruptcy courts do not have the power to impose criminal and civil contempt sanctions. Contempt power is inherent in Article III courts, but must be expressly granted to Article I courts.
 
 See
 
 pp. 1283-1285. Congress’ 1984 amendments to the Bankruptcy Act repealed the direct grant of contempt power and we refused to find such power in the more general grants of power.
 
 See
 
 pp. 1286-1290. We found the Bankruptcy Rule dealing with contempt proceedings, Bankr.R. 9020, also to be inadequate authority, since it was expressly based on sections repealed by the 1984 amendments.
 
 See
 
 pp. 1288-1289.
 

 Rule 9011 is not subject to the same criticism as Rule 9020. Rule 9011, unlike Rule 9020, is not based on a past Bankruptcy Rule or upon a section of the 1978 Bankruptcy Act that has been repealed.
 
 See
 
 H.R.Doc. No. 52, 98th Cong., 1st Sess. 382 (1983) (Advisory Committee Note on Bankruptcy Rule 9011). Therefore the power to impose sanctions under Rule 9011 should be interpreted as having been granted by Congress when it allowed the Bankruptcy Rules to become law.
 
 See
 
 28 U.S.C.A. § 2075 (1982) (Congress’ delegation of power to the Supreme Court to prescribe bankruptcy procedural rules).
 
 Cf. In re Sequoia,
 
 at 1288-1289.
 

 [8]
 

 . The court imposed sanctions under Rule 11. We have serious_doubts that Rule 11 applies to appeals from the bankruptcy court to the district court. However, we need not decide that question here.