[No. D007928. Fourth Dist., Div. One. Apr. 18, 1989.]

GENE R. SMITH CORPORATION, Plaintiff and Appellant, v.
TERRY'S TRACTOR, INC., et al., Defendants and Respondents.

COUNSEL

Gerald L. McMahon, Dennis J. Wickham, Craig E. Courter and Seltzer, Caplan, Wilkins & McMahon for Plaintiff and Appellant.

Gregory W. Pollack, McInnis, Fitzgerald, Rees, Sharkey & McIntyre and Shawn F. Kelly for Defendants and Respondents.

OPINION

WIENER, J.—Plaintiff Gene R. Smith Corporation (Smith) appeals the judgment dismissing all defendants after the court ruled Smith's causes of action for abuse of process and malicious prosecution for the allegedly wrongful and malicious prosecution of an involuntary bankruptcy instituted by the defendants were preempted by federal law, depriving the trial court of subject matter jurisdiction. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Smith, a developer and builder, had commercial dealings with defendants, Terry's Tractor, Inc., George Larabee doing business as L & L Construction and L & L Electric, and Walter L. Schwaar doing business as the Light Gallery. Allegedly Smith failed to pay Terry's Tractor's bill for labor and material resulting in Tractor's petitioning under chapter 11 to place Smith in involuntary bankruptcy. L & L and the Light Gallery as creditors joined in that proceeding. Smith successfully moved to dismiss the petition

and then filed this action for malicious prosecution and abuse of process, alleging the defendants willfully and maliciously filed and prosecuted the involuntary bankruptcy. The Light Gallery successfully moved for judgment on the pleadings. The court dismissed the complaint as against all the defendants ruling that each cause of action was preempted by federal law and the state court had no subject matter jurisdiction over those claims.

## DISCUSSION

█ To a great extent the outcome of this appeal hinges on our interpretation of *Gonzales* v. *Parks* (9th Cir. 1987) 830 F.2d 1033. Because *Gonzales* materially influenced the trial court's favorable ruling the defendants understandably urge that *Gonzales* is persuasive and should govern our analysis. Smith, on the other hand, vigorously argues *Gonzales* is factually and procedurally distinguishable from his case and in any event its broad language adversely affecting him is simply dicta. Even though there is some technical merit to Smith's assertion, we conclude *Gonzales* correctly states the considerations controlling our review and on the basis of those considerations we affirm the judgment.

*Gonzales* involved the following.

Attorney Michael Dodge filed a chapter 11 bankruptcy petition for his clients Richard and Juliana Gonzales. Apparently one purpose of the bankruptcy was to stay a foreclosure of the Gonzales' house by Barbara Parks. Pending the bankruptcy proceedings Parks sued the Gonzaleses and Dodge in state court alleging the debtors' filing of the voluntary bankruptcy was an abuse of process. Parks entered a default against the Gonzaleses and obtained a $10,000 default judgment against them. Later Dodge and the Gonzaleses filed an adversary proceeding in the bankruptcy court against Parks and her counsel, Jerome Parks, seeking relief from the state court action. The bankruptcy court declared the state court judgment void as violating the automatic stay provisions of the bankruptcy act, vacated the judgment and awarded fees to the bankrupt and to their counsel. On appeal, the district court affirmed the bankruptcy's court judgment and fee award also awarding sanctions against Parks's counsel. Except as to the sanctions, the Ninth Circuit affirmed emphasizing the federal courts' exclusive jurisdiction over bankruptcy proceedings. "Filings of bankruptcy petitions are a matter of exclusive federal jurisdiction. State courts are not authorized to determine whether a person's claim for relief under a federal law, in a federal court, and within that court's exclusive jurisdiction, is an appropriate one. Such an exercise of authority would be inconsistent with and subvert the exclusive jurisdiction of the federal courts by allowing state courts to create their own standards as to when persons may properly seek

relief in cases Congress has specifically precluded those courts from adjudicating." (*Gonzales, supra,* 830 F.2d at p. 1035, fn. omitted.)

Smith points out that there is a significant procedural difference between *Gonzales* and the case before us stressing that in *Gonzales,* unlike the facts here, the bankruptcy case was pending at the time the state court action was filed. While we agree with Smith's observation that a case must be interpreted in the context in which it was decided, we cannot overlook *Gonzales's* broad - and we believe correct - policy statements. "That Congress' grant to the federal courts of exclusive jurisdiction over bankruptcy petitions precludes collateral attacks on such petitions in state courts is supported by the fact that remedies have been made available in the federal courts to creditors who believe that a filing is frivolous. Debtors filing bankruptcy petitions are subject to a requirement of good faith, [citation] and violations of that requirement can result in the imposition of sanctions, . . . 11 U.S.C.A. § 303(i)(2) (Supp. 1987) (authorizing the imposition of sanctions on petitions for involuntary bankruptcy petitions filed in bad faith). *Congress' authorization of certain sanctions for the filing of frivolous bankruptcy petitions should be read as an implicit rejection of other penalties, including the kind of substantial damage awards that might be available in state court tort suits. Even the mere possibility of being sued in tort in state court could in some instances deter persons from exercising their rights in bankruptcy. In any event, it is for Congress and the federal courts, not the state courts, to decide what incentives and penalties are appropriate for use in connection with the bankruptcy process and when those incentives or penalties shall be utilized.*" (*Gonzales, supra,* 830 F.2d at pp. 1035-1036, italics added.)

We agree with the foregoing even if those comments are properly described as dicta.

Title 11 United States Code section 303(i) permits the bankruptcy court on dismissal of a petition to award a debtor costs, reasonable attorney's fees and any damages proximately caused by the taking of the debtor's property. If the involuntary petition is filed in bad faith the bankruptcy court has the additional power to award damages proximately caused by such filing and punitive damages.

This provision reflects Congress's intent that the case-by-case development of law relating to "bad faith" in this context should be accomplished in federal courts and not in state courts. The parties make no effort to distinguish the difference, if any, between conduct constituting "bad faith" and "malicious prosecution" treating both as virtually identical. On that assumption, it would indeed be anomalous and, to say the least, inconsistent with this legislative intent for state courts to develop a different, more

liberal definition of "bad faith" for malicious prosecution purposes than that developed in the federal system. Different standards defining identical conduct adds an unnecessary and confusing component to the uniform law to be applied in bankruptcy proceedings. The additional risk that substantial damage awards in state courts would create a material disincentive to those seeking to use the bankruptcy laws only exacerbates the problem. The determination of damages in state courts should not determine the potential cost of entry into the federal bankruptcy system.

Smith's description of the injustice inflicted on a debtor improperly and maliciously placed in involuntary bankruptcy who wishes to seek appropriate sanctions from those responsible for doing so is certainly of concern. Smith explains the only way the aggrieved debtor will be able to obtain redress in such circumstances will be to remain in bankruptcy which involves further harm to a party's ability to obtain credit, enter into contracts or to run its business.

In addition to our unwillingness to accept Smith's factual predicate, which requires us to accept the adverse consequences of a bankruptcy pending for the sole purpose of awarding the debtor damages for the wrongful filing of an involuntary bankruptcy petition, we disagree with Smith's legal predicate. The bankruptcy court can dismiss the involuntary bankruptcy petition eliminating the potential harm which Smith describes retaining jurisdiction for the sole purpose of awarding costs, attorney's fees and damages. (*In re Godroy Wholesale Co., Inc.* (D. Mass. 1984) 37 Bankr. 496, 498.)

Smith correctly observes that limiting his remedy to the bankruptcy forum deprives him of a jury trial, but interestingly does not accompany his claim of unconstitutionality with any authority. We believe his omission is significant for a number of reasons. The most basic is our assumption that if there were such authority he would have directed us to it. Also omitted in Smith's conclusionary argument is whether he is relying on the United States or California Constitutions. We assume his argument rests on the former since a federal statute can be invalidated only on federal and not on state constitutional grounds. ■ In effect Smith challenges the constitutionality of 11 United States Code section 303(i), a virtually impossible argument to make since there is no constitutional right to a jury in matters which arise in bankruptcy even if there is a right to a jury if those same matters were litigated outside bankruptcy. (See e.g. *Katchen v. Landy* (1966) 382 U.S. 323, 336-337 [15 L.Ed.2d 391, 401, 86 S.Ct. 467].) The right to a jury has never been interpreted in a rigid manner. "[M]any procedural devices developed since 1791 that have diminshed the civil jury's historic domain have been found not to be inconsistent with the Seventh

Amendment. See *Galloway* v. *United States,* 319 U.S. 372, 388-393 (directed verdict does not violate the Seventh Amendment); *Gasoline Products Co.* v. *Champlin Refining Co.,* 283 U.S. 494, 497-498 (retrial limited to question of damages does not violate the Seventh Amendment even though there was no practice at common law for setting aside a verdict in part); *Fidelity & Deposit Co.* v. *United States,* 187 U.S. 315, 319-321 (summary judgment does not violate the Seventh Amendment)." (*Parklane Hosiery Co.* v. *Shore* (1979) 439 U.S. 322, 336 [58 L.Ed.2d 552, 565, 99 S.Ct. 645].)

## DISPOSITION

The judgment is affirmed.[1]

Kremer, P. J., and Huffman, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 13, 1989.

---

[1] Our disposition reflects our rejection of Smith's argument that the court erred in entering judgment after granting the Light Gallery's motion for judgment on the pleadings and his request that we vacate the judgment. The entry of a judgment implementing a court's order occurs routinely for a number of valid reasons. Smith's implicit quarrel with the judgment here is that it removes *all* the defendants when only a single defendant brought the motion. Although in certain circumstances the trial court's broad sweep might be improper we conclude the action here was a prudent and economical use of judicial resources. Lacking subject matter jurisdiction over one defendant the court lacked subject matter jurisdiction over all.