Bernard D. GLANNON, Plaintiff,

v.

GARRETT & ASSOCIATES, INC.; Oakview Treatment Centers of Kansas, Inc.; Cheryl D. Myers; Michael B. Myers; Edwin P. Carpenter; Carpenter, Weir & Myers, Chartered; James W. Garrett, Sr.; Bonita Garrett; and Thomas P. O'Donnell, Defendants.

Bernard D. Glannon, Plaintiff,

v.

Edwin P. Carpenter, Michael B. Myers, and James W. Garrett, Sr., Defendants.

Nos. 93–2026–DES, 98–2516–DES.

United States District Court, D. Kansas.

April 10, 2001.

Randolph G. Willis, Steven B. Moore, Rasmussen, Barton & Willis, L.L.C., Kansas City, MO, for plaintiff.

Brian F. McCallister, The McCallister Law Firm, P.C., Mark G. Flaherty, R. Pete Smith, McDowell, Rice, Smith & Gaar, Kansas City, MO, for defendants.

Michael B. Myers, Victorville, CA, pro se.

Edwin P. Carpenter, Yankton, SD, pro se.

### *MEMORANDUM AND ORDER*

SAFFELS, District Judge.

This matter is before the court on defendant Michael B. Myers' Motion to Dismiss Myers from All Proceedings (Doc. 98), the only remaining proceeding to be ruled on is case number 93–2026–DES, and defendants Garrett & Associates, Inc., James W. Garrett, Sr., and Bonita Garrett's Motion to Dismiss case number 93–2026–DES (Doc. 108). For the reasons set forth below, defendants' motions are granted.

## I. BACKGROUND

On April 11, 1989, Bernard D. Glannon ("Glannon") brought suit against James and Bonita Garrett in the district court of Shawnee County, Kansas, for breach of contract arising out of the sale of the Topeka Sizzlers basketball team. A final pretrial conference was set for February 6, 1991, and a jury trial was scheduled to begin February 11, 1991. On February 22, 1992, a unanimous jury verdict awarded Glannon damages against the Garretts in the amount of $208,721.72.

On February 5, 1991, Garrett & Associates, Inc. ("GAI"), represented by Cheryl Myers, filed a petition in involuntary bankruptcy against Glannon pursuant to 11 U.S.C. § 303(b)(2). Defendants Cheryl Myers, Michael Myers, Edwin Carpenter ("Carpenter") and the firm of Carpenter, Weir & Myers, Chartered ("CWM") began soliciting Glannon's creditors to join the involuntary bankruptcy. The petition was later joined by Oakview Treatment Centers of Kansas ("Oakview"), represented by Thomas O'Donnell ("O'Donnell"). Prior to joining as a petitioning creditor, Oakview allegedly attempted to settle its claim with Glannon in exchange for defendant Oakview's agreement not to join as a petitioning creditor.

On May 4, 1992, the bankruptcy judge made a journal entry finding that the involuntary petition was filed by GAI in bad faith and joined by Oakview in bad faith. *See* May 4, 1992 Journal Entry at 2. The bankruptcy judge found that "the petition herein was filed by Garrett and Associates, Inc., as a litigation tactic, in an attempt to gain advantage in certain litigation in [Kansas state court]." *Id.* at 5. Although the bankruptcy judge dismissed the involuntary bankruptcy petition, he retained jurisdiction to consider whether to award damages against GAI, James Garrett, and Oakview, pursuant to 11 U.S.C. § 303(i) and whether to impose sanctions against the law firm hired to represent the creditors, CWM, and the creditor's attorneys, Cheryl Myers, Michael Myers, and Carpenter, pursuant to Rule 11 of the Federal Rules of Civil Procedure and Rule 9011 of the Federal Rules of Bankruptcy Procedure. *Id.* at 4.

In conjunction with the action for section 303(i) damages, Glannon filed a demand for jury trial and moved the bank-

ruptcy court to transfer the case to the United States District Court for the District of Kansas. These requests were denied. The bankruptcy judge conducted an eleven day bench trial to determine the issue of damages and sanctions. On September 17, 1998, the bankruptcy judge issued an order awarding Glannon damages against GAI and its owner, James Garrett, in the amount of $91,269.67 for attorneys fees, $100,000 actual damages, and $50,000 punitive damages. The bankruptcy judge also imposed sanctions against attorneys Michael Myers and Carpenter in the amount of $30,000 each.

Glannon filed a notice of appeal on September 28, 1998. He raised several issues, including whether the bankruptcy court erred in denying the demand for jury trial. The United States District Court held it was error to deny Glannon a jury trial on the issue of section 303(i) damages and reversed the case to be reassigned in the district court for the purpose of conducting a jury trial. *See Glannon v. Carpenter,* 245 B.R. 882 (D.Kan.2000). The court also held that section 303(i) sanctions were only available against the petitioning creditors and not their attorneys. *Id.* The case was subsequently reassigned case number 98–2516–DES, consolidated with case number 93–2026–DES, and currently awaits a jury trial.

In addition to the involuntary petition, a related adversary proceeding was filed against Glannon on February 8, 1991, by Carpenter and CWM. Glannon claims the action was commenced in violation of the automatic stay provisions of 11 U.S.C. § 362(a) and was improper as the claims asserted would be compulsory counterclaims in the state court action. The adversary case was dismissed by the bankruptcy judge on October 23, 1992.

Plaintiff filed suit, case number 93–2026–DES, against GAI, James Garrett, Bonita Garrett, Oakview, Cheryl Myers, Michael Myers, Carpenter, CWM, and O'Donnell based on their participation in the involuntary bankruptcy and related adversary proceeding. The complaint alleges the following nine causes of action against the various defendants: (I) Violation of 11 U.S.C. § 303 against all the defendants; (II) Violation of 28 U.S.C. § 1927 against defendant Cheryl Myers, Michael Myers, Carpenter, and O'Donnell; (III) Violation of 11 U.S.C. § 362(a) against defendants James and Bonita Garrett, Carpenter and CWM; (IV) Violation of 11 U.S.C. § 362(a) against all defendants; (V) Malicious prosecution of the adversary proceeding against defendants Garrett, Carpenter, and CWM; (VI) Malicious Prosecution of the involuntary bankruptcy against all defendants; (VII) Abuse of Process for the prosecution of the involuntary bankruptcy against all defendants; (VIII) Abuse of Process for the prosecution of the adversary case against defendants James and Bonita Garrett, Carpenter, and CWM; and (IX) Violation of the Fair Credit Reporting Act against defendant CWM. Defendants Oakview, Cheryl Myers and O'Donnell and plaintiff settled the claims between them, and those claims were dismissed from the case. Defendant Mike Myers has moved to dismiss all claims pending against him. Defendants GAI, James Garrett, and Bonita Garrett have moved to dismiss all claims pending against them.

## II. STANDARD OF REVIEW

■ The court may not dismiss a cause of action for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure unless it appears beyond doubt that the claimant can prove no set of facts supporting its claim which would entitle it to relief. *H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 249–50, 109 S.Ct.

2893, 106 L.Ed.2d 195 (1989). In considering a Rule 12(b)(6) motion, the court must assume as true all well-pleaded facts, as distinguished from conclusory allegations, and must draw all reasonable inferences in favor of the nonmovant. *Housing Auth. of the Kaw Tribe v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir.1991); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). The issue in reviewing the sufficiency of a complaint "is not whether the plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support its claim." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

## III. DISCUSSION

### A. State Law Claims Based on the Involuntary Bankruptcy, Adversary Proceeding, and Violation of the Automatic Stay

■ Defendants moved to dismiss plaintiff's state law tort claims on the ground that plaintiff's claims are preempted by federal law, specifically section 303(i) of the Bankruptcy Code. Counts III and IV allege a violation of the automatic stay. Counts V and VI allege malicious prosecution of the adversary proceeding and involuntary bankruptcy, respectively. Counts VII and VIII allege abuse of process for the prosecution of the involuntary bankruptcy and adversary proceeding, respectively.

■ State law is preempted under the supremacy clause of the United States Constitution in three circumstances. U.S. Const. Art. VI, cl. 2. "First, Congress can define explicitly the extent to which its enactments pre-empt state law." *English v. General Electric Co.*, 496 U.S. 72, 78, 110 S.Ct. 2270, 110 L.Ed.2d 65 (1990). "Second, in the absence of explicit statutory language, state law is pre-empted where it regulates conduct in a field that

Congress intended the Federal Government to occupy exclusively." *Id.* at 79, 110 S.Ct. 2270. "Finally, state law is preempted to the extent that it actually conflicts with federal law." *Id.* Congressional intent is key to determining whether federal law preempts state law. *California Fed. Sav. & Loan v. Guerra*, 479 U.S. 272, 280, 107 S.Ct. 683, 93 L.Ed.2d 613 (1987).

Defendants do not make a claim of express preemption, and the court's review of the Bankruptcy Code reveals no explicit statement preempting state claims based on the wrongful filing of an involuntary petition, filing of the adversary proceeding, or violation of the automatic stay. Rather, defendants argue implied preemption based on the specific remedies provided for in the Bankruptcy Code. Therefore, the court must determine the extent to which Congress has occupied the field of sanctioning improper conduct in bankruptcy courts and the extent to which allowing state courts to rule on the propriety of actions taken in bankruptcy court would present an obstacle to the achievement of the objectives of the Bankruptcy Code.

■ An examination of the relevant case law leads the court to the conclusion that the Bankruptcy Code permits no state law remedies for abuse of the bankruptcy provisions. The Bankruptcy Code provides extensive federal remedies for improper conduct in bankruptcy proceedings. Section 303(i) authorizes sanctions for involuntary bankruptcy petitions filed in bad faith. An involuntary bankruptcy petition may be filed against a person who qualifies as a debtor under Chapter 7 of the Bankruptcy Code, and if an involuntary petition is wrongfully filed, section 303(i) provides the following remedies:

> If the court dismisses a petition under this section other than on consent of all

petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment—

(1) against the petitioners and in favor of the debtor for—

(A) costs; or

(B) a reasonable attorney's fee; or

(2) against any petitioner that filed the petition in bad faith, for—

(A) any damages proximately caused by such filing; or

(B) punitive damages.

11 U.S.C. § 303(i). Section 362(h) also provides an explicit sanction for willful violations of the automatic stay, which is designed to prevent creditors from taking any further action against a debtor who has filed for bankruptcy except through the bankruptcy court. *See* 11 U.S.C. § 362(h). Section 105(a) provides that the court "may issue any order, process, or judgment that is necessary or appropriate . . . to prevent an abuse of process." 11 U.S.C. § 105(a). Rule 9011 of the Federal Rules of Bankruptcy Procedure authorizes sanctions for signing certain documents not well grounded in fact and warranted by existing law or a good faith argument for extension, modification, or reversal or existing law. *See* Fed. R. Bankr.P. 9011.

Although the Bankruptcy Code contains extensive provisions for remedies to an aggrieved debtor, "these provisions, standing alone, are insufficient to imply congressional intent to preempt all state activity in the area." *Koffman v. Osteoimplant Tech. Inc.,* 182 B.R. 115, 125 (D.Md.1995). *See also Paul v. Monts,* 906 F.2d 1468, 1476 (10th Cir.1990) ("The availability of alternative remedies within the Code, however, does not persuade us that those remedies are exclusive."). In addition to the Bankruptcy Code's scheme of remedies, there must exist some other "special features"

that warrant preemption. *Koffman,* 182 B.R. at 125.

The court finds sufficient "special features" to justify preemption of plaintiff's state law claims. First, "Congress has expressed its intent that bankruptcy matters be handled in a federal forum by placing bankruptcy jurisdiction exclusively in the district courts as an initial matter." *MSR Exploration, Ltd. v. Meridian Oil, Inc.,* 74 F.3d 910, 913 (9th Cir.1996) (citing 28 U.S.C. § 1334(a)). Federal courts have exclusive jurisdiction over the filing of a bankruptcy petition, the filing of an adversary proceeding, and the imposition of an automatic stay. *See Koffman,* 182 B.R. at 125. The fact that federal courts have exclusive jurisdiction over bankruptcy matters indicates Congressional intent to preempt state remedies. "State courts are not authorized to determine whether a person's claim for relief under a federal law, in a federal court, and within that court's exclusive jurisdiction, is an appropriate one." *Gonzales v. Parks,* 830 F.2d 1033, 1035 (9th Cir.1987).

Second, the comprehensive provisions of the Bankruptcy Code "demonstrates Congress's intent to create a whole system under federal control which is designed to bring together and adjust all of the rights and duties of creditors and embarrassed debtors alike." *MSR Exploration,* 74 F.3d at 914. A debtor who believes a filing in bankruptcy is frivolous or a violation of the automatic stay occurred has a comprehensive scheme of remedies available in the federal courts. The existence of this comprehensive scheme precludes collateral attacks on such filings in state courts. *See Gonzales,* 830 F.2d at 1036. "Congress' authorization of certain sanctions for the filing of frivolous bankruptcy petitions [and violations of the automatic stay] should be read as an implicit rejection of other penalties, including the

kind of substantial damage awards that might be available in state court tort suits." *Id.* at 1036.

Finally, "the unique, historical, and even constitutional need for uniformity in the administration of the bankruptcy laws is another indication that Congress wished to leave the regulation of the parties before the bankruptcy court in the hands of the federal courts alone." *MSR Exploration,* 74 F.3d at 915. The availability of sanctions in bankruptcy proceedings reflects Congress's intent that the case by case development of law relating to bad faith and willful misconduct in bankruptcy proceedings should be accomplished in federal courts and not in state court. *Gene R. Smith Corp. v. Terry's Tractor, Inc.,* 209 Cal.App.3d 951, 954, 257 Cal.Rptr. 598 (Cal.Ct.App.1989). Reserving the question of proper filings and violations of an automatic stay to the federal courts avoids the development of various standards in the state courts used to determine whether conduct in the bankruptcy proceeding is proper.

■ In addition, allowing state court remedies for wrongful filings could discourage entry into the bankruptcy system. *See Gonzales,* 830 F.2d at 1036 ("Even the mere possibility of being sued in state court could in some instances deter persons from exercising their rights in bankruptcy."). The potential cost of entry into the federal bankruptcy system should not be governed by state law. *Gene R. Smith,* 209 Cal.App.3d at 955, 257 Cal.Rptr. at 600. "[I]t is for Congress and the federal courts, not the state courts, to decide what incentives and penalties are appropriate for use in connection with the bankruptcy process and when those incentives or penalties shall be utilized." *Gonzales,* 830 F.2d at 1036.

The court finds plaintiff's state law claims based upon the filing of the involuntary bankruptcy petition, filing of the adversary proceeding, and violation of the automatic stay are impliedly preempted by the Bankruptcy Code. Most courts addressing these issues and similar issues have determined that federal law preempts state law claims. *See MSR Exploration,* 74 F.3d 910 (holding debtor's malicious prosecution action against creditors who maliciously pursued claims against debtor in bankruptcy proceedings was preempted by federal law); *Gonzales,* 830 F.2d at 1035–36 (holding creditor's abuse of process claim based on debtor's filing of bankruptcy was preempted by federal law); *Koffman,* 182 B.R. at 123–28 (finding debtor's claims of abuse of process and malicious prosecution against creditors who instituted involuntary bankruptcy proceeding were preempted by federal law); *Raymark Indus., Inc. v. Baron,* No. 96–7625, 1997 WL 359333, at *9–11 (E.D.Pa. June 23, 1997) (holding state law tort claims against creditors who instituted involuntary bankruptcy proceeding were preempted by federal law); *Mason v. Smith,* 140 N.H. 696, 672 A.2d 705 (1996) (finding state tort action against creditors who instituted involuntary bankruptcy proceeding was preempted by federal law); *Shiner v. Moriarty,* 706 A.2d 1228, 1234–38 (Pa.Super.Ct.1998) (finding state law tort claim against creditors, their attorneys, and law firm for filing various improper bankruptcy papers was preempted by federal law); *Smith v. Mitchell Constr. Co. Inc.,* 225 Ga.App. 383, 481 S.E.2d 558 (1997) (holding state law tort claims against creditor and its counsel for violation of automatic stay were preempted by federal law); *Edmonds v. Lawrence Nat'l Bank & Trust Co.,* 16 Kan.App.2d 331, 823 P.2d 219 (1991) (holding state court remedies were not available against a creditor based on creditor's malicious actions in bankruptcy proceeding which

attempted to revoke debtor's discharge in bankruptcy); *Idell v. Goodman,* 224 Cal. App.3d 262, 273 Cal.Rptr. 605, 608–10 (1990) (finding state malicious prosecution action against a creditor who improperly objected to a discharge of the debt was preempted by federal law); *Gene R. Smith,* 209 Cal.App.3d at 952, 257 Cal. Rptr. at 598 (holding debtor's claims of abuse of process and malicious prosecution against creditors who instituted involuntary bankruptcy proceeding were preempted by federal law).

A few courts have determined that state law claims based on improper filings are not preempted by the Bankruptcy Code. *See Emerald City Records, Inc. v. First Media Corp.,* 9 B.R. 319 (Bankr.N.D.Ga. 1981) (holding state law tort claim based on creditor's filing of involuntary bankruptcy petition was not preempted by federal law); *R.L. Lauraceae, Inc. v. Barnett Bank of South Florida, N.A.,* 661 So.2d 855 (Fla.Dist.Ct.App.1995) (holding state law tort claims of abuse of process and malicious prosecution based on creditor's alleged bad faith filing of involuntary bankruptcy petition were not preempted by federal law). *See also Mullin v. Orthwein,* 772 So.2d 30 (Fla.Dist.Ct.App. 2000) (holding state law tort claims were not preempted by federal law solely on the rational of *R.L. Lauraceae*). *But see Mullin,* 772 So.2d at 31–35 (arguing case correctly decided under stare decisis but disagreeing with the holding and rationale of *R.L. Lauraceae*) (Gross, J., concurring specially). The court does not find these cases persuasive.

The court also finds plaintiff's reliance on *Paradise Hotel Corp. v. Bank of Nova Scotia,* 842 F.2d 47 (3d Cir.1988) misplaced. In *Paradise Hotel,* the Third Circuit allowed a debtor to maintain a state law tort claim against a creditor for the wrongful filing of an involuntary bankruptcy petition. *Id.* at 52. However, the holding in that case was limited to situations in which a debtor lost the remedy under section 303(i) by converting a chapter 7 bankruptcy to a chapter 11 bankruptcy. *Id.* The court held treating section 303(i) as an exclusive remedy in those situations would penalize a debtor "for exercising its statutory right to convert promptly." *Id. Paradise Hotel* is not factually similar to this case, and the court finds plaintiff's state law claims are impliedly preempted by the federal law.

Plaintiff argues that his claims should not be preempted because some of the defendants are not petitioners within the meaning of section 303(i).[1] Plaintiff's argument was rejected by the Supreme Court of New Hampshire, which held "[r]emedies available to a debtor under federal law for the wrongful filing of an involuntary petition are intended to be exclusive of state law remedies ... whether or not additional defendants would be available under state law." *Mason,* 672 A.2d at 709. This analysis is equally applicable to wrongful filing of the adversary proceeding or violation of the automatic stay. *See Shiner,* 706 A.2d at 1228 (holding state law claim against creditors, its attorneys, and law firm for filing various improper bankruptcy papers was preempted by federal law); *Smith,* 481 S.E.2d at 558 (holding state law claims against both creditor and counsel for violation of automatic stay were preempted by federal law). Plaintiff cannot avoid the effect of limited federal remedies by filing a state law claim against defendants who are not liable or subject to sanction under federal law. Because federal remedies in this context are exclusive, plaintiff cannot maintain

---

1. Judge Lungstrum previously ruled that attorneys for petitioning creditors are not subject to liability under section 303(i). *Glannon,* 245 B.R. at 892–93.

a state cause of action against defendants. If debtors, such as plaintiff, are not satisfied with the remedies available in the bankruptcy proceeding, they should look to Congress, not the state courts, to supplement the available remedies to add new defendants.

Because the court finds plaintiff's state law claims based upon the filing of the involuntary bankruptcy petition, filing of the adversary proceeding, and violation of the automatic stay are impliedly preempted by the Bankruptcy Code, plaintiff's state law claims, Counts III through VIII, are dismissed.

### B. Section 303(i) Claim

▆▆▆ Glannon raises a claim against all defendants in Count I for a violation of 11 U.S.C. § 303(i). Section 303(i) provides that, if a court dismisses an involuntary petition for any reason other than consent of the parties, the court may award costs and attorneys' fees, or if the petition was filed in bad faith, the court may award compensatory and punitive damages. 11 U.S.C. § 303(i). Plaintiff's response correctly points out that defendants did not specifically move to dismiss the section 303(i) claim.[2] Even if defendant did not move to dismiss, the court may dismiss a claim sua sponte for failure to state a claim upon which relief can be granted under Rule 12(b)(6) if "it is 'patently obvious' that the plaintiff could not prevail of the facts alleged and allowing him an opportunity to amend his complaint could be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir.1991)). The court finds these circumstances present.

▆▆▆ Section 303(i) is not an independent cause of action. *See Raymark*, 1997 WL 359333, at *6–7. Section 303(i) provides, "[i]f *the court* dismisses a petition under this section . . . *the court* may grant judgment." 11 U.S.C. § 303(i) (emphasis added). "The subsection clearly contemplates that the same court that dismisses the petition is the court that can award damages. Subsection (i) was not meant to be utilized by any other judge." *Raymark*, 1997 WL 359333, at *6–7. Like the district court facing this issue in *Raymark Indus. Inc. v. Baron*, this court could find "no case where section 303(i) sanctions were requested as a separate cause of action in a proceeding separate and apart from the underlying bankruptcy proceeding." *Id.* at *6. Indeed, plaintiff has not cited any case in support of his claim.

The bankruptcy judge determined that an award under section 303(i) was appropriate, and a jury trial to determine the amount of damages under section 303(i) is currently pending in case number 98–2516–DES. Because section 303(i) is not an independent cause of action and the issue of section 303(i) damages is being determined in a collateral case, plaintiff's section 303(i) claim, Count I, is dismissed.

### C. Section 1927 Claim

▆▆▆ Glannon also raises a claim in Count II against Michael Myers and Ed Carpenter for a violation of 28 U.S.C. § 1927. Section 1927 provides for costs and attorneys' fees from any attorney who "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C.

---

**2.** Although defendants do not specifically request dismissal of the section 303(i) claim, they request dismissal of *all* claims. GAI and the Garretts' motion to dismiss requests dismissal of case number 93–2026–DES with prejudice "for the reason that federal bankruptcy law preempts all claims instituted against the Garretts." It is questionable whether this request was sufficient to place plaintiff on notice that the section 303(i) claim was under attack.

§ 1927. Although defendant Myers does not specifically move to dismiss the section 1927 claim, the court finds it appropriate to dismiss the claim sua sponte for failure to state a claim upon which relief can be granted. *See Hall,* 935 F.2d at 1110.

Plaintiff cites no case law to support his independent section 1927 claim. Several courts have determined that section 1927 is not an independent cause of action and must be raised as part of the proceedings in front of the judge who witnessed the conduct at issue. *See Cresswell v. Sullivan & Cromwell,* 922 F.2d 60, 69–70 (2d Cir. 1990) ("We have seen no basis for concluding that § 1927 was intended to permit a litigant to institute a new lawsuit to collect excess costs and fees incurred in a prior litigation."); *Raymark Industr.,* 1997 WL 359333 at *8 ("If Defendants engaged in improper conduct, the court in which that conduct occurred is the proper forum to request sanctions."). The proper forum to raise the issue of section 1927 sanctions is in the related bankruptcy proceeding, case number 98–2516–DES, where the relevant conduct occurred. However, allowing plaintiff to raise the claim in the bankruptcy proceeding would be futile.

The Tenth Circuit has determined that a bankruptcy court lacks jurisdiction to impose sanctions under section 1927. *See Jones v. Bank of Santa Fe (In re Courtesy Inns, Ltd., Inc.),* 40 F.3d 1084, 1086 (10th Cir.1994) (holding bankruptcy court lacked jurisdiction to award section 1927 sanction against Chapter 11 debtor's president for having filed petition in bad faith); *In re Blagg,* 215 B.R. 79, 82 (Bankr.N.D.Okla. 1997) (declining to impose section 1927 sanctions based on the Tenth Circuit's holding in *Courtesy Inns*). The bankruptcy court could not impose section 1927 sanctions for the improper conduct before it. Likewise, the plaintiff requests this court to impose section 1927 sanctions for the

identical conduct that could not be sanctioned in the bankruptcy proceeding. As the court doubts its jurisdiction to impose section 1927 sanctions for conduct the bankruptcy court itself could not have sanctioned under section 1927, the court declines to award sanctions under section 1927. Plaintiff's section 1927 claim, Count II, is dismissed.

## IV. CONCLUSION

The court finds plaintiff's state law claims based on the filing of the involuntary bankruptcy petition, filing of the adversary proceeding, and violation of the automatic stay are preempted by federal law. The court also finds plaintiff has failed to state a claim for a violation of section 303(i) or section 1927, as both these claims were or should be raised in the collateral bankruptcy case. Accordingly, all these claims are dismissed. The only claim remaining before the court is plaintiff's claim in Count IX against Carpenter, Weir & Myers, Chartered for violation of the Fair Credit Reporting Act.

**IT IS THEREFORE BY THE COURT ORDERED** that defendant Michael B. Myers' Motion to Dismiss Myers from All Proceedings (Doc. 98) and defendants Garrett & Associates, Inc., James W. Garrett, Sr., and Bonita Garrett's Motion to Dismiss case number 93–2026–DES (Doc. 108) are granted as follows:

(1) Counts I, II, III, IV, V, VI, VII, and VIII of plaintiff's complaint in case number 93–2026–DES are dismissed with prejudice.

(2) The court declines to award sanctions pursuant to 28 U.S.C. § 1927 in either case numbers 93–2026–DES or 98–2516–DES.

The only claim remaining before the court in case number 93–2026–DES is plaintiff's claim in Count IX against Car-

penter, Weir & Myers, Chartered for violation of the Fair Credit Reporting Act.