COURT OF CHANCERY
OF THE
STATE OF DELAWARE

MORGAN T. ZURN
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

July 30, 2021

*Via U.S. Mail*
Janusz Kecki
9050 Cherry Avenue
Orangevale, CA  95662

*Via File & ServeXpress*
Tiffany M. Shrenk, Esquire
MacElree Harvey, Ltd.
5721 Kennett Pike
Centreville, DE 19807

*Via U.S. Mail*
Derek Chabrowski
43021 North 43rd Drive
Phoenix, AZ  85087

RE:   *Janusz Kecki, et al. v. Texas Enterprises, LLC,*
Civil Action No. 2017-0892-MTZ

Dear Mr. Kecki, Mr. Chabrowski, and Counsel,

I write to address the motion for summary judgment and to dismiss (the "Motion") filed by defendant Texas Enterprises, LLC ("Enterprises," or the "Company"), which has been deemed unopposed by plaintiffs Janusz Kecki and Derek Chabrowski (collectively, "Plaintiffs").[1]  The Motion presents the question of whether Plaintiffs may ask this Court to revisit the accuracy of the Company's equityholders as of March 2, 2015, as presented to the United States Bankruptcy Court for the Eastern District of Texas (the "Bankruptcy Court") with

_____

[1] Docket Item ("D.I.") 77.

the Company's petition for bankruptcy. I conclude this Court lacks subject matter jurisdiction to do so, and grant the Motion and dismiss Plaintiffs' claim.

## I. BACKGROUND

On March 2, 2015, Enterprises filed a voluntary petition for Chapter 11 proceedings in the Bankruptcy Court.[2] The petition included a "List of Equity Security Holders" (the "List") listing four individuals, including Kecki with a 15% stake[3] Chabrowski was not on the List, and was instead identified as a creditor.[4] On March 17, 2016, the Bankruptcy Court entered an Order Confirming the First Amended Plan of Reorganization of the Company.[5]

On December 14, 2017, Plaintiffs filed a *pro se* complaint in this Court seeking a declaratory judgment to identify the equity owners of the Company at the time it entered into the Chapter 11 proceedings.[6] Specifically, Plaintiffs challenge the accuracy of the List; Chabrowski contends he held a 15% stake in the Company on March 2, 2015,[7] when the bankruptcy petition was filed (the "Petition

---

[2] D.I. 78. The bankruptcy case is Case No. 15-20032.

[3] *Id.*

[4] *Id.*

[5] *See* D.I. 21 Ex A.

[6] *See* D.I. 1 [hereinafter "Compl."].

[7] D.I. 11 at 10.

Date"). Plaintiffs allege the List and bankruptcy petition were submitted "for the sole purpose of defrauding the shareholders of their investments in the company."[8]

On April 17, 2018, Plaintiffs moved for summary judgment, which I denied at the November 14 hearing and in an order that same day.[9] While Kecki's interest appeared undisputed, Chabrowski's interest was disputed and other issues precluded summary judgment.[10] In particular, I asked the parties to provide supplemental briefing on "(i) whether the confirmation plan in the Chapter 11 proceedings released or barred any of Plaintiffs' claims, [and] (ii) whether the Bankruptcy Court made any factual or legal findings regarding the Company's equity ownership as of March 2, 2015."[11] No supplemental briefing followed; the Company's counsel withdrew; and the case languished.

On May 16, 2019, Petitioners filed what I deemed another motion for summary judgment.[12] The Company failed to retain new counsel by the Court's deadline, and so the motion went unopposed. On August 20, I granted summary judgment on the narrow undisputed issue that Kecki was a 15% equity holder in

---

[8] Compl. ¶ 16.

[9] D.I. 28; D.I. 29.

[10] D.I. 29.

[11] *Id.* ¶ 6.

[12] D.I. 39.

the Company on the Petition Date.[13] I denied summary judgment as to Chabrowski's equity interest in the Company on that date, and again sought the parties' views on the effect of the bankruptcy proceedings on this case.[14]

Neither party addressed those issues until February 2021, when the Company, represented by new counsel, filed the Motion.[15] Plaintiffs did not timely respond to the Motion, so it was deemed unopposed.[16] The Motion contends Chabrowski's claim challenging the accuracy of the List are "pre-bankruptcy claims not properly before this Court" under several theories, including a lack of subject matter jurisdiction, preclusion under bankruptcy law and the bankruptcy bar date, *res judicata* and issue preclusion, and overripeness.[17] The Motion is granted.

## II.   ANALYSIS

I address subject matter jurisdiction first, as I can only substantively review the claims if I have jurisdiction to do so.[18] "When considering a motion to dismiss

---

[13] D.I. 48.

[14] *Id.*

[15] D.I. 77.

[16] D.I. 89.

[17] Op. Br. at 6–7.

[18] *See K & K Screw Prods., L.L.C. v. Emerick Cap. Invs., Inc.*, 2011 WL 3505354, at *6 (Del. Ch. Aug. 9, 2011) ("Because the issue of subject matter jurisdiction is a potentially

under Court of Chancery Rule 12(b)(1), the Court's first task, when appropriate, is to assess whether the fundamental predicates to subject matter jurisdiction exist."[19] "The plaintiff 'bears the burden of establishing this Court's jurisdiction,' and when determining whether that burden has been met, the Court may consider the pleadings and matters 'extrinsic to the pleadings.'"[20] This Court does not have subject matter jurisdiction to hear a claim if there is an adequate remedy at law.[21] And, consistent with that principle and principles of comity and federalism, where bankruptcy courts have been granted exclusive jurisdiction, this Court lacks subject matter jurisdiction.[22]

This Court lacks jurisdiction to assess the accuracy of the List as presented with the Company's bankruptcy petition.

---

dispositive threshold issue, I consider first whether the Complaint pleads a justiciable case or controversy.").

[19] *Hall v. Coupe*, 2016 WL 3094406, at *2 (Del. Ch. May 25, 2016) (citing *Dover Hist. Soc'y v. City of Dover Plan. Comm'n*, 838 A.2d 1103, 1110 (Del. 2003)).

[20] *Id.* (quoting *Pitts v. City of Wilm.*, 2009 WL 1204492, at *5 (Del. Ch. Apr. 27, 2009)).

[21] 10 *Del. C.* § 342.

[22] *Anderson v. Pa. Mfr.'s Ass'n Ins. Co.*, 2007 WL 1248490, at *1 (Del. Com. Pl. Feb. 23, 2007).

> Filings of bankruptcy petitions are a matter of exclusive federal jurisdiction. State courts are not authorized to determine whether a person's claim for relief under a federal law, in a federal court, and within that court's exclusive jurisdiction, is an appropriate one. Such an exercise of authority would be inconsistent with and subvert the exclusive jurisdiction of the federal courts by allowing state courts to create their own standards as to when persons may properly seek relief in cases Congress has specifically precluded those courts from adjudicating. The ability collaterally to attack bankruptcy petitions in the state courts would also threaten the uniformity of federal bankruptcy law, a uniformity required by the Constitution. U.S. Const. art. I, § 8, cl. 4.[23]

"Congress' grant to the federal courts of exclusive jurisdiction over bankruptcy petitions precludes collateral attacks on such petitions in state courts . . . ."[24] Even if the bankruptcy court has not addressed the issue presented to the state court, the state court lacks jurisdiction: "[i]n state cases concerning proper notice or other bankruptcy matters never addressed by the bankruptcy courts, courts have ruled that subject matter jurisdiction is exclusively federal."[25]

To the extent Chabrowski claims he failed to receive adequate notice of the Company's bankruptcy proceeding, as a creditor or otherwise, the adequacy of that

---

[23] *Gonzalez v. Parks*, 830 F.2d 1033, 1035 (9th Cir. 1987) (citation omitted).

[24] *Id.* at 1035–36.

[25] *Anderson*, 2007 WL 1248490, at *3 (citing *In re McGhan*, 288 F.3d 1172, 1180 (9th Cir. 2002)).

notice is also an issue exclusively for the Bankruptcy Court.[26] "Determination of the adequacy of notice required for automatic discharge is a core proceeding over which [Delaware] Court[s] lack authority."[27] "Determination of whether a creditor was listed and whether notice was adequate are core proceeding[s] over which I should not exercise jurisdiction."[28]

Indeed, it appears Plaintiffs have already pursued the avenue available to them: petitioning the Bankruptcy Court for relief. That Court denied Chabrowski's motion to reopen the proceedings after the Chapter 11 plan was confirmed.[29] This Court cannot disturb that order. "[B]ankruptcy court orders are not subject to collateral attack in other courts."[30] A state court modification of a bankruptcy court order "would constitute an unauthorized infringement upon the bankruptcy court's jurisdiction."[31] And "[a] Bankruptcy Court's order of confirmation is treated as a final judgment. If the Bankruptcy Court had

---

[26] *See McGhan*, 288 F.3d at 1178 (addressing a state court's consideration of notice to a listed creditor, like Chabrowski, and noting state courts have statutory concurrent jurisdiction to adjudicate the adequacy of notice to unlisted creditors).

[27] *Anderson*, 2007 WL 1248490, at *2; *see McGhan*, 288 F.3d at 1190.

[28] *Anderson*, 2007 WL 1248490, at *2.

[29] D.I. 21, Ex. A, at D.I. 134-35.

[30] *Anderson*, 2007 WL 1248490, at *2; *McGhan*, 288 F.3d at 1179 (quoting *Gruntz v. Cty. of L.A.*, 202 F.3d 1074, 1082 (9th Cir. 2000)).

[31] *Gruntz*, 202 F.3d at 1082.

jurisdiction to render that judgment, a party bound by that judgment cannot attack that judgment in a collateral proceeding."[32]

Finally, I note Plaintiffs' allegation that the Company filed for bankruptcy as part of a scheme to defraud Chabrowski and Kecki of their investments in the Company and net the Company's president sole ownership of the Company for a low price.[33] Federal authority appears split on the question of whether state courts may entertain a claim that filing for bankruptcy was improper because it was part of a fraudulent scheme or an abuse of process.[34] Plaintiffs' claim does not require me to wade into this issue today; they seek only declaratory relief "identifying the names and the percentage of ownership in the company, held by each shareholder at the time that the company was entered into voluntary Chapter 11 bankruptcy."[35] I read Plaintiffs to allege that the bankruptcy proceeding was part of a fraudulent scheme only for color and context, not as a standalone claim for abuse of process

---

[32] *In re Bally's Grand Deriv. Litig.*, 1997 WL 305803, at *7 (Del. Ch. June 4, 1997); *accord Anderson*, 2007 WL 1248490, at *2 ("[A]ny state judicial proceeding that modifies a discharge order would also be void.").

[33] Compl. ¶ 16.

[34] *Nelson v. Emerson*, 2008 WL 1961150, at *8 n.51 (Del. Ch. May 6, 2008). Since then-Vice Chancellor Strine noted the split of authority in 2008, the split has deepened. *Compare In re Bral*, 622 B.R. 737, 744–47 (9th Cir. 2020), *with Rosenberg v. DVI Receivables XVII, LLC*, 835 F.3d 414 (3d Cir. 2016), *and Robbins v. Fulton Bank, N.A.*, 2018 WL 1693386 (E.D. Pa. Apr. 6, 2018).

[35] Compl. ¶ 23.

or similar. Today, I hold only that this Court lacks subject matter jurisdiction over collateral attacks on the bankruptcy petition itself, including the List, and the Bankruptcy Court's order denying Chabrowski's motion to reopen the proceedings to challenge that List. That holding disposes of Plaintiffs' claim.

## III. CONCLUSION

For the foregoing reasons, the Company's motion to dismiss for lack of subject matter jurisdiction is **GRANTED**. The August 20, 2019, order granting summary judgment on Kecki's interest is **VACATED** as having been entered without subject matter jurisdiction.[36] **IT IS SO ORDERED.**

Sincerely,

*/s/ Morgan T. Zurn*

Vice Chancellor

MTZ/ms

---

[36] D.I. 48.