[No. D034678. Fourth Dist., Div. One. Feb. 28, 2001.]

FRANK E. FERREIRA, Plaintiff and Appellant, v.
GRAY, CARY, WARE & FREIDENRICH et al., Defendants and
Respondents.

**410**

COUNSEL

Sparber, Ferguson, Ponder & Ryan, Richard J. Annen and Jill D. Perry for Plaintiff and Appellant.

Post, Kirby, Noonan & Sweat, David J. Noonan and Thomas W. Bettles for Defendants and Respondents.

OPINION

**McINTYRE, J.**—In this appeal, we decide that where a case is concluded by a settlement after trial, there is no favorable termination for purposes of pursuing a malicious prosecution action.

Frank E. Ferreira sued the law firm of Gray, Cary, Ware & Freidenrich, and two of its attorneys, Duane S. Horning and L.B. Chip Edleson (together

Gray, Cary) for malicious prosecution, based on their representation of Debra, Maryanne and Christine Rushing in an earlier action which was settled after trial. The trial court entered summary judgment dismissing Ferreira's malicious prosecution suit, holding there was no favorable termination of the underlying action, and in the alternative, that the underlying action was brought with probable cause. Ferreira appeals, contending the court erred in both respects.

As we explain below, although the underlying litigation was tried on the merits, it concluded with a settlement, and thus there was not a favorable termination for Ferreira. Accordingly, Ferreira's malicious prosecution action failed as a matter of law, and we affirm the judgment below. Given this holding, we need not reach the trial court's alternative basis for granting summary judgment.

### FACTS AND PRIOR PROCEEDINGS

Ferreira and Debra became romantically involved in the summer of 1994. Debra left Ferreira in November 1994, and soon thereafter, he sued Debra and her mother, Maryanne, for the return of gifts he had allegedly given Debra in contemplation of marriage. This action was settled through a confidential settlement agreement and mutual release of all claims, dated February 22, 1995. Debra and Ferreira reconciled in April 1995, but she ended the relationship in September 1995. In November 1995, Ferreira filed another suit against Debra and Maryanne seeking the return of gifts he had given Debra during their relationship. Ferreira also named Debra's sister, Christine, and her father, James Rushing, as defendants. The Rushings filed an answer in December 1995, and asserted the settlement of Ferreira's previous lawsuit had been coerced—that Ferreira made threats that unless Debra settled on his terms, he would continue on with litigation and would not rest until he deprived the Rushing family of all their assets. Debra also alleged she was forced to sign the February 1995 settlement agreement in order to prevent Ferreira from harming her and her family.

Gray, Cary agreed to represent Debra, Maryanne and Christine in June 1996. They had several meetings with their clients and other witnesses and reviewed transcripts of tape recordings James had made of conversations he had with Ferreira in which Ferreira expressed his hatred of Maryanne and his desire to have her hurt or killed, as well as his desire to control Debra. Thereafter, Gray, Cary filed a first amended cross-complaint against Ferreira alleging claims for battery, assault, intrusion into private affairs, unauthorized wiretaps, eavesdropping, stalking, false imprisonment, intentional and

negligent infliction of emotional distress, conversion and trespass to chattel. After a nine-day trial, the jury found the settlement agreement executed on February 22, 1995, had not been coerced. Thus, pursuant to the special verdict form, Debra's claims in the cross-complaint were considered only in reference to acts of Ferreira that occurred after that date. The jury found in favor of Debra on her claim for conversion, but awarded her nothing in damages; it found in favor of Maryanne on her claims for wiretapping and intentional infliction of emotional distress, and awarded her $500 in damages. The jury found for Ferreira on the remainder of the claims and cross-claims, and awarded him $75,982 in damages.

The verdict was returned on September 15, 1997, and approximately one week later, Ferreira's attorney, Richard Annen, wrote Gray, Cary proposing to settle the litigation. Gray, Cary initially declined after conferring with the Rushings, informing Annen that they believed there were strong grounds to challenge the verdict through posttrial motions and on appeal. Ferreira withdrew his settlement offer, but later reinitiated settlement discussions. During the course of these negotiations, on October 22, 1997, judgment on the verdict was entered. Shortly thereafter, however, the parties agreed to settle the litigation on the following terms: (1) notwithstanding the jury's verdict, judgment would be entered in favor of Ferreira on Maryanne's claims of wiretapping and infliction of emotional distress; (2) judgment would be entered in accordance with the remainder of the verdict, including the award of $75,982 in damages to Ferreira; (3) Ferreira would accept $1 each from Debra, Christine and Maryanne in full satisfaction of this judgment and file a satisfaction of judgment forthwith; and (4) Debra, Christine and Maryanne would not pursue an appeal of the judgment. As a result of this agreement, an amended judgment was entered on November 24, 1997, and on December 2, 1997, Ferreira filed an acknowledgment of satisfaction of judgment.

Eight months later, Ferreira sued Gray, Cary for malicious prosecution. Gray, Cary brought a motion for summary judgment, which the court granted, concluding there was not a favorable termination of the underlying litigation because the case had terminated pursuant to the parties' negotiated settlement agreement. In the alternative, the court held that Gray, Cary had probable cause to bring all of the Rushings' claims.

## DISCUSSION

*There Was Not a Favorable Termination of the Underlying Litigation*

In order to maintain an action for malicious prosecution, the plaintiff must first demonstrate that there was a favorable termination of the

underlying litigation. (*Dalany v. American Pacific Holding Corp.* (1996) 42 Cal.App.4th 822, 827 [50 Cal.Rptr.2d 13].) This requirement is an essential element of the tort of malicious prosecution, and it is strictly enforced. (*Ludwig v. Superior Court* (1995) 37 Cal.App.4th 8, 27, 29 [43 Cal.Rptr.2d 350].) Where the underlying litigation ends by way of a negotiated settlement, there is no favorable termination for the purposes of pursuing a malicious prosecution action. (*Id.* at p. 29; see also *Coleman v. Gulf Ins. Group* (1986) 41 Cal.3d 782, 794, fn. 9 [226 Cal.Rptr. 90, 718 P.2d 77, 62 A.L.R.4th 1083]; *Dalany v. American Pacific Holding Corp., supra,* 42 Cal.App.4th at p. 828.)

 Here, the underlying litigation ended as the result of a negotiated settlement between Ferreira, Debra, Maryanne and Christine, whereby an amended judgment was filed, Ferreira agreed to accept a total of just $3 in full satisfaction of the judgment, and Debra, Christine and Maryanne gave up their appeal rights. Nevertheless, Ferreira contends there was a favorable termination because the matter went to trial and he received a favorable verdict that was reflected in the stipulated amended judgment. This contention is unavailing. Ferreira would have us ignore the undisputed fact that, regardless of whether the action was tried, the litigation *ended* with a settlement. Thus, while arguably Ferreira may have received a favorable *determination* at one point in the proceeding (keeping in mind that the jury found against him on Maryanne's claims for wiretapping and infliction of emotional distress), the litigation *terminated* as a result of a negotiated settlement in which both sides gave up something of value to resolve the matter. This termination of the litigation did not reflect the merits of the underlying action, but rather, the compromise between the parties, and therefore, as a matter of law, there was not a favorable termination for purposes of a malicious prosecution action. (*Ludwig v. Superior Court, supra,* 37 Cal.App.4th at p. 29; *Dalany v. American Pacific Holding Corp., supra,* 42 Cal.App.4th at p. 828.)

 Because the tort of malicious prosecution has a potential chilling effect on the willingness of persons to report crimes or pursue legal rights and remedies in court, its requirements must be strictly enforced. (*Ludwig v. Superior Court, supra,* 37 Cal.App.4th at p. 29.) The fact that a settlement occurs after trial as opposed to earlier in the proceeding does not change the essential fact that the litigation *terminated* as the result of the parties' agreement and not based on the merits of the action. We recognize that cases are settled for a variety of reasons; however, where both sides give up anything of value in order to end the litigation, a party cannot later claim he received a favorable termination. (*Ibid.*; see also *Pender v. Radin* (1994)

23 Cal.App.4th 1807, 1814 [29 Cal.Rptr.2d 36] [settlement involving waiver of costs and fees precludes a later action for malicious prosecution].) It is not necessary to analyze the particular circumstances of the settlement or to examine the motivations of the parties—a negotiated settlement not only creates an ambiguity as to the merits of the underlying action, it is entirely inconsistent with bringing a further lawsuit for malicious prosecution. (See *Ludwig v. Superior Court, supra,* 37 Cal.App.4th at p. 29.)

Accordingly, because the underlying litigation concluded as the result of a negotiated settlement, there was not a favorable termination and thus, the trial court correctly granted Gray, Cary's motion for summary judgment.

### DISPOSITION

The judgment is affirmed. Costs are awarded to respondents.

Huffman, Acting P. J., and O'Rourke, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 13, 2001.