Michael R. STARKLE, an individual; Kenneth L. Greenberg, and individual; William P. Jancosko, an individual; and Timepiece Capital Incorporated, an Arizona corporation, Plaintiffs,

v.

William WOLLRAB, an individual, Defendant.

Civil No. 09cv2887 JAH(RBB).

United States District Court, S.D. California.

Jan. 27, 2011.

Geoffrey M. Khotim, Ridenour Hienton & Lewis PLLC, Christopher A. Lavoy, Lavoy & Chernoff PC, Phoenix, AZ, Marco Antonio Torres, The Law Office of Marco A Torres, San Diego, CA, for Plaintiffs.

Gregory P. Olson, Law Office of Gregory P. Olson, San Diego, CA, for Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS [DOC. # 9]

JOHN A. HOUSTON, District Judge.

### INTRODUCTION

Currently pending before this Court is the motion to dismiss, or in the alternative, to stay this action filed by defendant William Wollrab ("defendant" or "Wollrab"). The motion has been fully briefed by the parties. After a careful consideration of the pleadings and relevant exhibits submitted by the parties, and for the reasons set forth below, this Court GRANTS IN PART and DENIES IN PART defendant's motion.

### BACKGROUND

The instant case stems from the dissolution of a company, 17th Street Capital Partners ("17th Street"), in which plaintiffs Starkle, Greenberg, and Jancosko ("the individual plaintiffs") and Wollrab were shareholders. A majority of shareholders voted to dissolve the company on February 11, 2004, because it was insolvent and its members did not wish to contribute additional capital. Aside from the non-attending members, only defendant voted against dissolution. After 17th Street was dissolved, Starkle, Greenberg, Jancosko and Christopher Rule (a silent shareholder) started Timepiece.

On February 9, 2007, Wollrab filed a complaint against 17th Street and the individual plaintiffs in Colorado state court, alleging ten causes of action based on state law stemming from alleged misconduct by the individual plaintiffs in regards to the dissolution of 17th Street. None of Wollrab's claims in that suit were brought derivatively on behalf of 17th Street but, instead, were brought solely on Wollrab's behalf. On February 13, 2008, a bankruptcy petition was filed on behalf of 17th Street and defendant's state complaint was subsequently removed to the United States Bankruptcy Court in the District of Colorado ("the Bankruptcy Court"). The bankruptcy court, upon motion for summary judgment filed by the bankruptcy trustee, found that all but two of Wollrab's claims in the first lawsuit could not be

brought by Wollrab because he lacked an injury in fact on those claims. The bankruptcy trustee then substituted in as the plaintiff on those claims and Wollrab remained as plaintiff on the two remaining claims. Starkle, Greenberg, Jancosko and Timepiece thereafter purchased the derivative claims from the trustee for $17,500.00, settling those claims. A settlement was later reached between Wollrab and the individual plaintiffs in which Wollrab agreed to dismiss one of his remaining two claims (the other claim was solely against 17th Street) without prejudice, and without waiver of any other claims, in exchange for plaintiffs' dismissal of their counterclaims against him. The bankruptcy court subsequently dismissed Wollrab's sole remaining claim upon the motion of the bankruptcy trustee.

Plaintiffs, on December 23, 2009, filed the instant declaratory relief action seeking a declaration that defendant had no more claims against them in regards to the dissolution of 17th Street. Plaintiffs' initial complaint alleged such a declaration was required because defendant threatened to sue plaintiffs again on grounds of misconduct during the bankruptcy proceedings. Defendant then, on February 11, 2010, filed the threatened suit in Colorado state court. Thereafter, plaintiffs filed a first amended complaint ("FAC") before this Court on March 19, 2010, alleging a second cause of action for malicious prosecution. Defendant filed his motion to dismiss or stay on March 31, 2010. Plaintiffs' opposition was filed on May 7, 2010 and defendant's reply was filed on May 17, 2010. Defendant's motion was thereafter taken under submission without oral argument. *See* CivLR 7.1(d.1).

## DISCUSSION

Defendant moves to dismiss plaintiff's first cause of action in their FAC pursuant Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction on the grounds that the Court should decline to exercise its discretion to accept jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201. In the alternative, defendant moves to dismiss plaintiffs' second cause of action in the FAC for failure to state a claim and stay the first cause of action pending resolution of the action filed by defendant in the Colorado state court.

### 1. Legal Standards

#### a. Rule 12(b)(1)

Under Rule 12(b)(1), a defendant may seek to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed.R.Civ.P. 12(b)(1). When considering a Rule 12(b)(1) motion to dismiss, the district court "is free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir.1983). "In such circumstances, '[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" *Id.* (quoting *Thornhill Publishing Co. v. General Telephone & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir.1979)). Plaintiffs, as the party seeking to invoke jurisdiction, have the burden of establishing that jurisdiction exists. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994).

#### b. Declaratory Judgment Act

The Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201(a), permits a district court, in its discretion, to grant declaratory judgments in appropriate cases and to refuse to entertain such actions under certain circumstances. *See Wilton v. Seven Falls Co.*, 515 U.S. 277,

286–87, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) ("The [DJA's] textual commitment to discretion, and the breadth of leeway we have always understood it to suggest, distinguish the declaratory judgment context from other areas of the law in which concepts of discretion surface."); *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 494, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). The DJA does not confer subject matter jurisdiction but rather there must be an independent basis for jurisdiction. *See Staacke v. United States Secretary of Labor,* 841 F.2d 278, 280 (9th Cir.1988). In the present action, subject matter jurisdiction is predicated on diversity of citizenship. *See* Compl. ¶ 6.

28 U.S.C. § 2201(a) provides in relevant part:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

■ "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton,* 515 U.S. at 288, 115 S.Ct. 2137. In considering the propriety of maintaining the action in federal court, "the appropriate inquiry for a district court in a Declaratory Judgment Act case is to determine whether there are claims in the case that exist independent of any request for purely declaratory relief, that is, claims that would continue to exist if the request for a declaration simply dropped from the case." *Snodgrass v. Provident Life and Accident Ins. Co.,* 147 F.3d 1163, 1168 (9th Cir.1998). "[W]hen other claims are joined with an action for declaratory relief (*e.g.,* bad faith, breach of contract, breach of fiduciary duty, rescission, or claims for other monetary relief), the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief." *Government Employees Ins. Co. v. Dizol,* 133 F.3d 1220, 1225 (9th Cir.1998). Consequently, claims that exist independent of the request for a declaration are not subject to the Declaratory Judgment Act's discretionary jurisdictional rule. *See Maryland Cas. Co. v. Knight,* 96 F.3d 1284, 1289 & n. 6 (9th Cir.1996). Instead, such independent claims invoke the " 'virtually unflagging' " obligation of the district court to hear jurisdictionally sufficient claims. *First State Ins. Co. v. Callan Assocs., Inc.,* 113 F.3d 161, 163 (9th Cir.1997) (quoting *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)).

■ The factors to be considered in exercising the Court's discretion include: (1) avoiding the needless determination of state law issues; (2) discouraging the filing of declaratory actions as a means of forum shopping; (3) avoiding duplicative litigation; (4) resolving all aspects of the controversy in a single proceeding if possible; (5) avoiding intervention unless the declaratory action will serve a useful purpose in clarifying the legal relations at issue; (6) avoiding procedural fencing or permitting one party to obtain an unjust *res judicata* advantage at the expense of the other; (7) avoiding entanglement between the federal and state court systems; and (8) avoiding jeopardizing the convenience of the parties. *Dizol,* 133 F.3d at 1225–26 (citing *Brillhart,* 316 U.S. at 494, 62 S.Ct. 1173).

■ When there are "parallel state proceedings involving the same issues and parties pending at the time the federal

declaratory action is filed, there is a presumption that the entire suit should be heard in state court." *Dizol,* 133 F.3d at 1225 (citing *Chamberlain v. Allstate Ins. Co.,* 931 F.2d 1361, 1366–67 (9th Cir.1991)). Thus, when an ongoing state proceeding involves a state law issue that is predicated on the same factual transaction or occurrence involved in a matter pending before a federal court, the state court is the more suitable forum. *See id.*

### c. Rule 12(b)(6)[1]

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir.2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir.1984); *see Neitzke v. Williams,* 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson,* 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 547, 127 S.Ct. 1955). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, "the nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir.2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 129 S.Ct. at 1950.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis,* 295 F.3d 890, 895 (9th Cir.2002); *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337–38 (9th Cir.1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.,* 349 F.3d 1191, 1200 (9th Cir. 2003); *Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir.1981). When ruling on a motion to dismiss, the Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the Court takes judicial notice. *Lee v. City of Los Angeles,* 250 F.3d 668, 688–89 (9th Cir.2001). If a court determines that a

---

1. Although defendant moves to dismiss plaintiffs' second cause of action on the grounds that it "fails to state a claim" under Colorado law, defendant does not apply the standard of law applicable to such motions in federal court. *See* Doc. # 9–1 at 10 ("plaintiffs have failed to properly allege the elements of a claim for malicious prosecution or state a claim upon which relief may be granted."). Nevertheless, this Court applies such a standard to the allegations in this case.

complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. *See Doe v. United States,* 58 F.3d 494, 497 (9th Cir.1995).

## 2. Analysis

### a. Plaintiffs' Declaratory Relief Claim

■ Defendant moves to dismiss plaintiffs' first cause of action, contending the applicable factors weigh in favor of declining jurisdiction over plaintiffs' declaratory relief claim. Specifically, defendant contends that the applicable *Brillhart* and *Dizol* factors weigh in favor of declining jurisdiction over plaintiffs' declaratory relief claim, arguing that the Court would be required to needlessly adjudicate state law issues, plaintiffs are improperly forum shopping, and dismissal will avoid duplicative litigation.[2] *See* Doc. # 9–1 at 7–10. Plaintiffs, in opposition, contend that (1) their declaratory relief claim is grounded in federal bankruptcy law which preempts Colorado state law and, as such, the federal court has exclusive jurisdiction over the claim; (2) *res judicata* weighs against abstention; and (3) defendant is the party forum shopping, not plaintiffs. *See* Doc. # 11 at 10–17.

Paragraph 30 of plaintiff's FAC states that plaintiffs:

are entitled to a declaration that they have no liability to Wollrab for their conduct in connection with the filing and administration of 17th Street's bankruptcy ... [since they] did nothing wrong ... [and], even assuming they had, Wollrab's sole and exclusive reme-

dy would have been the imposition of sanctions by the Bankruptcy Court, not a claim for damages under state law outside of bankruptcy.

FAC ¶ 30. Plaintiffs contend that federal bankruptcy law preempts Colorado state law, arguing that the federal court has "exclusive" jurisdiction over bankruptcy liability issues which is the central focus of this lawsuit. Doc. # 11 at 10. Thus, plaintiffs contend the Colorado state court lacks subject matter jurisdiction over the controversy in this case rendering abstention in favor of allowing the Colorado state court to hear the claims improper. *Id.* Plaintiffs cite to four Ninth Circuit cases which plaintiffs claim support their contention that "only federal courts may decide whether there is liability for alleged misconduct during a bankruptcy." *Id.* at 10–12 (citing *Gonzales v. Parks,* 830 F.2d 1033 (9th Cir.1987); *MSR Exploration, Ltd. v. Meridian Oil, Inc.,* 74 F.3d 910 (9th Cir. 1996); *Miles v. Okun (In re Miles),* 430 F.3d 1083 (9th Cir.2005); and *Davis v. Yageo Corp.,* 481 F.3d 661 (9th Cir.2007)). Plaintiffs contend that defendant's second suit filed in Colorado state court "goes far beyond merely challenging the pre-bankruptcy decision to pursue bankruptcy [by] ... attack[ing] plaintiffs' conduct 'during' the bankruptcy, which triggers preemption." *Id.* at 12. Plaintiffs argue that *Magin,* cited by defendant, is contrary to this controlling Ninth Circuit law. *Id.* at 13.

In reply, defendant contends that three of the four cases cited by plaintiffs are distinguishable from this case and, as such, provide no support for plaintiffs' argument. *See* Doc. # 13 at 2–3. Defendant

---

**2.** Defendant also contends that the fact plaintiffs filed their declaratory relief action prior to defendant's filing of his second suit in Colorado state court does not weigh against declining jurisdiction because the Ninth Circuit has determined the issue is immaterial to the determination. Doc. # 9–1 at 9 (citing *Huth v. Hartford Ins.Co.of the Midwest,* 298 F.3d 800, 803–04 (9th Cir.2002)). Plaintiff does not dispute this contention. Therefore, this Court does not address the issue further.

explains that, here, his new complaint filed in Colorado state court does not allege abuse of process or malicious prosecution, as alleged in MSR or *Gonzales* and there are no allegations that the 17th Street bankruptcy case was filed in bad faith or that any sanctionable conduct occurred during the bankruptcy proceedings as alleged in *Miles. Id.* at 4. Defendant points out that *Davis,* the most recent case cited by plaintiffs, includes a claim for breach of fiduciary duty based on facts similar to those here. *Id.* at 3. Defendant notes that, in *Davis,* the Ninth Circuit found disputes involving conduct occurring prior to the bankruptcy were not subject to exclusive federal court jurisdiction because it does not implicate the "rights and duties of creditors and debtors under the Bankruptcy Code." *Id.* at 4 (citing *Davis,* 481 F.3d at 678). Defendant points out that his new lawsuit filed in Colorado state court alleges a scheme to defraud defendant that was hatched prior to the bankruptcy filing and, thus, like the scheme alleged in *Davis,* his claim is not preempted by bankruptcy law. *Id.* at 4.

This Court disagrees with defendant. Defendant's most recent Colorado state court case alleges violations by plaintiffs of civil conspiracy to defraud by: (1) filing the 17th Street bankruptcy petition; (2) filing the notice of removal of defendant's first state court action to the bankruptcy court; (3) seeking a determination by the bankruptcy court regarding whether Wollrab could assert the claims in the removed state court action; and (4) purchasing the claims for a nominal sum after the bankruptcy court made the determination that the claims could only be asserted by the trustee appointed for 17th Street in the

bankruptcy case. *See* Doc. # 9–2, Exh. A. Plaintiffs' first cause of action in the present case seeks a declaration of rights concerning plaintiffs' liability to defendant for these acts. *See* FAC ¶ 30. This Court agrees with plaintiffs that the claims presented by defendant in the new Colorado state court action appear to implicate the rights and duties of creditors and debtors under the bankruptcy code because defendant's claims seek relief for actions occurring both before and during the bankruptcy and not just prior to bankruptcy as were the acts alleged in *Davis.* In addition, it is not unlikely that defendant's claims regarding the actions occurring during the bankruptcy proceedings could be considered sanctionable by the bankruptcy court, if found true, as in *Miles. See Miles,* 430 F.3d 1083. Thus, this Court finds that the claims presented in defendant's new Colorado state case are preempted by bankruptcy law over which the federal court has exclusive jurisdiction. *See Gonzales,* 830 F.2d 1033; *MSR Exploration,* 74 F.3d 910; *Miles,* 430 F.3d 1083; *Davis,* 481 F.3d at 678. Therefore, this Court finds it improper to decline to exercise its discretion to accept jurisdiction under the Declaratory Judgment Act in regards to plaintiffs' first cause of action. Accordingly, defendant's motion to dismiss plaintiffs' first cause of action for declaratory relief is **DENIED.**[3]

### b. Plaintiffs' Malicious Prosecution Claim

 In his moving papers, defendant contends plaintiffs' malicious prosecution claim fails under Colorado law and, thus, must be dismissed for failure to state a claim upon which relief may be granted.

---

**3.** Because this Court finds Colorado state law is preempted by federal bankruptcy law over which the federal court has exclusive jurisdiction, this Court finds no need to address plaintiffs' additional arguments concerning *res judicata* or any of the factors addressed by both parties which can be considered in determining whether to exercise the Court's discretion to hear declaratory relief actions under the Declaratory Judgment Act.

Defendant argues that plaintiffs' malicious prosecution claim is based on claims that were settled, with plaintiffs' consent, following plaintiffs' purchase of the claims from the bankruptcy court in Colorado after the bankruptcy court found Wollrab lacked standing to sue on those claims. *Id.* According to defendant, under Colorado law, the Colorado courts "unequivocally reject[ ] settlement with consent of the accused as grounds for a malicious prosecution claim." *Id.* (citing *Hewitt v. Rice,* 154 P.3d 408, 415–16 (Colo.2007) (finding a negotiated settlement did not reflect a determination of the merits of the underlying claim thus the settlement did not meet the favorable resolution element to support a malicious prosecution claim)).[4] Defendant notes that there was no ruling on the merits of the claims purchased by plaintiffs prior to the bankruptcy filing and the claims were dismissed without prejudice. *Id.* (citing Wollrab Decl., Exhs. D, E).

Plaintiffs respond that, because the claims presented by Wollrab in his first Colorado state law suit were rejected on summary judgment upon removal to the bankruptcy court on the grounds that Wollrab lacked standing to sue on the claims since the claims belonged to 17th Street, the ruling did not constitute a settlement of the claims nor did the purchase of the claims by Timepiece. Doc. # 11 at 17. Plaintiffs point out that the claims were originally brought by Wollrab personally, and not derivatively on behalf of 17th Street and when the bankruptcy trustee assumed the claims and settled them, they became different claims than the ones presented in the second Colorado state court action by Wollrab. *Id.* at 18–19. Thus, plaintiffs contend that the settlement of the claims referred to by defendant were the bankruptcy trustee's claims settled on behalf of 17th Street, not the

claims brought by Wollrab personally. *Id.* at 17, 19. Plaintiffs, therefore, contend that their malicious prosecution claim does not fail under Colorado law because there was a resolution of the claims brought by Wollrab in plaintiffs' favor. *Id.* at 17.

In reply, defendant argues that there has been no resolution of the merits of his claims originally brought in the first Colorado state court action. Doc. # 13 at 5. Defendant contends that the transmutation of the parties in the removed suit that occurred in the bankruptcy proceeding did "not constitute a ruling on the merits but rather a determination simply of which party after bankruptcy and removal had standing." *Id.* at 6. Defendant points out that "[p]rior to filing of the bankruptcy, there was no ruling on the merits and after bankruptcy the claims were not dismissed on the merits, but simply purchased, reserved and dismissed without prejudice while Wollrab reserved his rights to other claims." *Id.* Defendant notes it was plaintiffs, not Wollrab, that effected the transmutation by filing the bankruptcy petition and by seeking to include the state court action therein. *Id.* Defendant thus contends plaintiffs' malicious prosecution fails to state a claim because plaintiffs cannot establish the favorable resolution element required under Colorado law. *Id.*

 This Court's review of the case authority cited by defendant reveals that, under Colorado law, which this Court applies to substantive issues in this diversity case, to state a claim for malicious prosecution "the following elements must be satisfied: (1) the defendant contributed to bringing a prior action against the plaintiff; (2) the prior action ended in favor of the plaintiff; (3) no probable cause; (4) malice; and (5) damages." *Hewitt,* 154

4. Defendant notes that California also holds similarly. Doc. # 9–1 at 10 (citing *Ferreira v.*

*Gray,* 87 Cal.App.4th 409, 413–14, 104 Cal. Rptr.2d 683 (2001)).

P.3d at 412 (citing *Thompson v. Maryland Casualty Co.*, 84 P.3d 496, 504 (Colo.2004)). The *Hewitt* court found that "settlement does not constitute favorable termination for purposes of a malicious prosecution action." *Id.* at 415 (citations omitted). Plaintiffs' malicious prosecution claim cannot stand because there was no favorable resolution of the merits of the claims presented in Wollrab's first state court case since the majority of the claims were dismissed on standing grounds and of the remaining two claims, one was settled and the other was dismissed for lack of prosecution.[5] Therefore, this Court finds plaintiffs cannot establish a favorable resolution occurred in the underlying case as is required to state a malicious prosecution claim under Colorado law. Accordingly, defendant's motion to dismiss plaintiffs' second cause of action is **GRANTED** and plaintiffs' malicious prosecution claim is DISMISSED for failure to state a claim under Colorado law.[6]

### CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss plaintiffs' first cause of action for declaratory relief for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure is **DENIED**; and

2. Defendant's motion to dismiss plaintiffs' second cause of action for malicious prosecution is **GRANTED** and plaintiffs' second cause of action is **DISMISSED** for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

**5.** This Court notes that, with regard to the majority of claims dismissed on summary judgment, plaintiffs' complaint alleges plaintiffs "settled the trustee's claims against them in the removed State Court Action by purchasing them from her for $17,500." FAC ¶ 19. This "settlement" did not address Wollrab's interest in the claims but, instead, involved only 17th Street's interests. Thus, Wollrab's interest in the claims were not adjudicated through the purchase and dismissal. This Court further notes that the complaint alleges plaintiffs "also settled Wollrab's only remaining claim against them ... by agreeing to dismiss their counterclaims against him in exchange for him dismissing the claim against them." FAC ¶ 20. However, even if the disposition of this claim is considered a settlement, settled claims are not recognized by Colorado law as a viable ground for malicious prosecution actions. *See Hewitt*, 154 P.3d at 415.

**6.** Because this Court has declined to abstain from hearing plaintiffs' declaratory relief claim, this Court necessarily denies defendant's alternative request for a stay of these proceedings pending the outcome of the new Colorado state court case.