Filed 2/13/24  Alepyan v. Adzhemyan CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| ZABEL ALEPYAN et al., <br><br> Cross-complainants and Appellants, <br><br> v. <br><br> VARTAN ADZHEMYAN et al., <br><br> Cross-defendants and Respondents. | B323610 <br><br> (Los Angeles County Super. Ct. No. 20STCV02294) |

APPEAL from an order of the Superior Court of Los Angeles County, Maureen Duffy-Lewis, Judge.  Affirmed.

Ilya Alekseyeff, for Appellants and Cross-complainants.

Raymond Hovsepian, for Respondent and Cross-defendant Vartan Adzhemyan.

Nemecek and Cole, Kenny C. Brooks and Daniel L. Reback, for Respondent and Cross-defendant Raymond Hovsepian.

Attorney Raymond Hovsepian, on behalf of his client Vartan Adzhemyan, filed a quiet title action against Zabel Alepyan and Artur Elizarov.  The action was later dismissed by stipulation, but plaintiffs and appellants Alepyan and Elizarov brought the current malicious prosecution action against defendants and respondents Adzhemyan and Attorney Hovsepian.[1]  Respondents each moved to strike the malicious prosecution action under the anti-SLAPP law  (Code Civ. Pro., § 425.16), which the trial court granted because the underlying action was dismissed pursuant to settlement.  We agree that appellants are unable to establish favorable termination because the underlying action was resolved by settlement.  We therefore affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Because we resolve this appeal on the element of favorable termination, we limit our factual and procedural discussion accordingly.

### 1.  The Underlying Action

Adzhemyan and Alepyan married in 2008, separated in April 2015, and divorced in 2019.  During their marriage, they lived in a duplex on Harvard Street in the City of Glendale ("Harvard Property").  Adzhemyan purchased the Harvard Property in his own name in 2005 prior to marriage.  In 2012, Adzhemyan defaulted on the Harvard Property, but the couple's friend, Elizarov, purchased the property in a "short sale" in 2014.  Elizarov sold the property to a non-party in 2017.

---

[1]  The malicious prosecution action was brought also against defendant attorney Gary Simonian, but he was not a party to the anti-SLAPP motions, nor is he a party in this appeal.

2

*A. The Underlying Complaint*

On February 20, 2018, Adzhemyan filed a complaint against appellants alleging three causes of action related to the Harvard Property: (1) quiet title; (2) cancellation of the deed; and (3) damages for breach of fiduciary duty and/or constructive fraud ("Harvard Action"). In his complaint, Adzhemyan claimed Alepyan forged his name on the Harvard Property deed transferring title to Elizarov, then falsely notarized the deed.

In November 2020, appellants moved for judgment on the pleadings. In May 2021, the trial court granted judgment on the pleadings, but with leave to amend as to breach of fiduciary duty.[2] On June 1, 2021, Adzhemyan filed a first amended complaint.

*B. The Settlement and Stipulation to Dismiss*

On June 29, 2021, Ilya Alekseyeff, appellants' attorney, emailed Attorney Hovsepian bank records and other documents related to the Harvard Property sale, with a letter entitled, "Privileged Settlement Communication (Evid. Code, § 1152)" ("Settlement Letter") The letter summarized his theory on how these records and documents support the falsity of the allegations in the Harvard Action. It stated in conclusion, "[g]iven these circumstances and Adzhemyan's subsequent admissions, Ms. Alepyan and Mr. Elizarov will not agree to pay Adzhemyan [sic] a penny. However, both Ms. Alepyan and Mr. Elizarov will agree [to] waive their costs and attorney's fees[] if Adzhemyan [sic] dismisses the action with prejudice." A footnote in the letter

---

[2] The trial court found that an October 4, 2019, stipulated divorce judgment and failure to timely join indispensable parties barred Adzhemyan's claims for quiet title and cancellation of the deed.

explained, "[m]y clients have incurred nearly $20,000 in costs and attorney's fees, which my clients can recover because the stipulated divorce judgment allows for the recovery of attorney's fees in an enforcement action." The letter ended with, "[u]nless the parties settle, I will then demur to the amended complaint and will seek to recover all costs and attorney's fees after the court sustain[s] the demurrer without a further leave to amend." The parties eventually agreed to a July 2, 2021 response deadline.

On July 2, 2021, Attorney Hovsepian emailed his response, "[g]o ahead and send me the stip. for a mutual waiver." The stipulation filed shortly thereafter specifically explained, "Adzhemyan no longer wishes to pursue his claim against Defendants [appellants] to save on additional costs of litigation ... [and] to save on additional costs of litigation, Defendants [appellants] will waive their costs and attorney's fees[]." Pursuant to the stipulation, the trial court dismissed the Harvard Action with prejudice and parties were to "bear their own costs and attorney's fees in connection with this action."

## 2. The Current Action

### A. The Malicious Prosecution Complaint

More than six months later, appellants filed the current malicious prosecution action alleging Adzhemyan knew the Harvard Property was lawfully purchased in a "short sale," yet maliciously pursued the Harvard Action to retaliate against Alepyan for filing for divorce and to gain leverage in the divorce action. Appellants further alleged Adzhemyan's attorneys filed the Harvard Action knowing it was fabricated. The complaint omitted any reference to the settlement and the issue of favorable termination.

4

*B. The Anti-SLAPP Motions*

Respondents each filed separate anti-SLAPP motions. Both conceded a malicious prosecution action is subject to the anti-SLAPP statute as a matter of law because it is based on the right to petition. Each then argued appellants could not meet their burden to establish the Harvard Action was terminated in their favor because it was resolved by settlement.

In their oppositions to both motions, appellants argued the circumstances leading to the dismissal of the Harvard Action— namely, "the devastating evidence that exposed Adzhemyan as a liar[]" given to respondents prior to the dismissal—supported the dismissal was on the merits. They argued the reason given for the stipulated dismissal, which was to save on litigation costs, was likely contrived. Respondents maintained in their replies that the dismissal was pursuant to a written settlement agreement to avoid additional costs of litigation.

On July 18, 2022, the trial court granted the anti-SLAPP motions and reasoned, "[a] dismissal for a waiver of costs is sufficient to disqualify an action as successful on the merits. [Citation.] Given the plain language in the Stipulation and Dismissal, [the Harvard Action] was voluntarily dismissed by Adzhemyan to save litigation costs for a waiver of costs.

## DISCUSSION

Resolution of this appeal turns on whether appellants have made a prima facie showing of the favorable termination element of malicious prosecution. Appellants argue they have demonstrated a "probability of success" under the second prong of the anti-SLAPP statute because the Harvard Action was dismissed based on its lack of merit. On the contrary, the record

5

establishes the Harvard Action was dismissed pursuant to settlement, a termination not favorable to appellants.

## 1. *Anti-SLAPP Law*

"Resolution of an anti-SLAPP motion "requires the court to engage in a two-step process. First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. The moving defendant's burden is to demonstrate that the act or acts of which the plaintiff complains were taken 'in furtherance of the [defendant]'s right of petition or free speech under the United States or California Constitution in connection with a public issue,' as defined in the statute. [Citation.] If the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim." [Citation.]" (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 733.)

""This second step is a summary-judgment-like procedure…. We first determine whether [appellants'] prima facie showing is enough to win a favorable judgment…. This threshold is ' "not high." '… Claims with minimal merit proceed. We accept [appellants'] evidence as true and do not weigh evidence or resolve conflicting factual claims…. We may consider affidavits, declarations, and their equivalents if it is reasonably possible these statements will be admissible at trial…. [¶] After examining [appellants'] evidence, we evaluate [respondents'] showings only to determine if they defeat [appellants'] claim as a matter of law…. [Respondents] can prevail either by establishing a defense or the absence of a necessary element…. If there is a conflict in the evidence (the existence of a disputed material fact), the anti-SLAPP motion should be denied." [Citation]." (*Citizens*

*of Humanity LLC v. Ramirez* (2021) 63 Cal.App.5th 117, 127-128.)

We review an order granting an anti-SLAPP motion de novo. (*Sweetwater Union High School Dist. v. Gilbane Building Co.* (2019) 6 Cal.5th 931, 942.)

## 2. *Malicious Prosecution*

""An action for malicious prosecution has three required elements: '(1) the defendant brought (or continued to pursue) a claim in the underlying action without objective probable cause, (2) the claim was pursued by the defendant with subjective malice, and (3) the underlying action was ultimately resolved in the plaintiff's favor.' [Citation.]" [Citation.]" (*Citizens of Humanity, supra,* 63 Cal.App.5th at p. 128.) The determinative issue here is the third element.

On the third element, ""[a] ' "favorable" termination does not occur merely because a party complained against has prevailed in an underlying action. While the fact he has prevailed is an ingredient of a favorable termination, such termination must further reflect on his innocence of the alleged wrongful conduct. If the termination does not relate to the merits—reflecting on neither innocence of nor responsibility for the alleged misconduct—the termination is not favorable in the sense it would support a subsequent action for malicious prosecution.' [Citation.] ' "[W]hen the underlying action is terminated in some manner other than by a judgment on the merits, the court examines the record 'to see if the disposition reflects the opinion of the court or the prosecuting party that the action would not succeed.' " [Citations.]' [Citation.] 'Should a conflict arise as to the circumstances of the termination, the determination of the reasons underlying the dismissal is a

7

question of fact. [Citation.]' [Citation.]" [Citation.]"  (*Citizens of Humanity, supra,* 63 Cal.App.5th at pp. 128-129.)

A voluntary dismissal may constitute a favorable termination on the merits if it reflects an implicit concession that the dismissing party cannot maintain the action.  (*Citizens of Humanity, supra,* 63 Cal.App.5th at p. 129 (citing *JSJ Limited Partnership v. Mehrban* (2012) 205 Cal.App.4th 1512, 1524).)  A dismissal on technical or procedural ground, however, including lack of jurisdiction, lack of standing, avoiding litigation expenses, or settlement, is not considered a favorable termination.  (*Ibid.*)  "Generally, a dismissal resulting from a settlement does not constitute a favorable termination because the dismissal reflects ambiguously on the merits of the action.  The purpose of a settlement is specifically to avoid a determination on the merits.  [Citation.]"  (*Ibid.*)  "When litigation is terminated by agreement 'there is ambiguity with respect to the merits of the proceeding and in general no favorable termination for purposes of pursuing a malicious prosecution action occurs.' [Citations.]" [Citation.]"  (*Ibid.*)

### 3.  *Settlement Precludes Favorable Termination*

In summary, appellants argue respondents implicitly dismissed the Harvard Action on the merits because, just days prior to the stipulated dismissal, respondents were provided with "irrefutable evidence" that the claims in the Harvard Action were false.  Respondents maintain probable cause existed to pursue the Harvard Action regardless of the "irrefutable evidence," but at any rate, the dismissal was pursuant to a settlement agreement to save costs of litigation.

The record here is clear that the dismissal of the underlying action was pursuant to a settlement agreement to

8

save costs of litigation—a technical or procedural ground disqualifying favorable termination. The June 29, 2021, Settlement Letter is transparent; Appellants offered to waive costs and attorney fees incurred in defending the Harvard Action, which they believed they were entitled based on a prior divorce judgment, in exchange for a prejudicial dismissal of the Harvard Action. The offer was accepted via email by the response deadline. This settlement agreement was memorialized in the "Stipulation for Dismissal With Order and Judgment of Dismissal," filed on July 13, 2021, whereby the parties agreed that the purpose of the dismissal was to save litigation costs and that parties were to bear their owns costs and attorney's fees. Both sides gave up something of value to end the litigation, and thus, "a party cannot later claim [it] received a favorable termination. [Citation.] It is not necessary to analyze the particular circumstances of the settlement or to examine the motivations of the parties—a negotiated settlement not only creates an ambiguity as to the merits of the underlying action, it is entirely inconsistent with bringing a further lawsuit for malicious prosecution. [Citation.]" (*Ferreira v. Gray, Cary, Ware & Freidenrich* (2001) 87 Cal.App.4th 409, 412-414.)

On this record, appellants failed to carry their burden of establishing a probability of success on the element of a favorable termination. Accordingly, the trial court properly granted the anti-SLAPP motions and struck the malicious prosecution claim.

## *DISPOSITION*

The order granting the anti-SLAPP motion is affirmed. Respondents are entitled to recover their reasonable costs on appeal in this matter.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)

NOT TO BE PUBLISHED.


LEE, J.*


We concur:


MOOR, Acting P. J.                KIM, J.


---

*        Judge of the San Bernardino Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.